## STATE ex rel. KANE vs. LARRABEE.

1. MANDAMUS. — A *mandamus* will not be granted on complaint of a relator, except where he has a certain specific legal right to the performance of the duty sought to be enjoined by it.
2. DECREE OF DISMISSAL — WHEN A BAR. — A decree of dismissal of a bill in equity, whether expressed to be without prejudice or not, is not a bar to a new bill for the same cause, and the addition of the words "without prejudice," to such decree of dismissal, after it was made, without notice to either party, in no wise changes or affects the rights of the parties to the cause.
3. SAME. — To make the dismissal of a bill a bar to another suit for the same cause, it must appear that the dismissal was after a hearing and examination into the merits.

3 Chand., 179.)

MANDAMUS against *Hon. Chas. H. Larrabee,* judge of the third judicial circuit, setting forth that at a circuit court for the county of Washington, in which he was holding a term, an application was made by the counsel for the relator for the dismissal of a bill in chancery in which he, *Kane,* was one of the defendants, on the ground that no one appeared on the part of the complainants in the cause, when it was called on the calendar for hearing. The court of which the respondent was judge, granted an order dismissing the cause absolutely. On the next day in open court the said circuit judge modified the order by adding to it the words " without prejudice." The object of the proceeding by *mandumus* was to compel the judge to vacate and strike out of the decree the words so added, "without prejudice." The alteration to the decree, as drawn by the counsel for the defendant, and entered, "without prejudice," was made without notice to either of the parties, upon the volition of the judge to correct what he supposed was a clerical error of counsel for the defendant who drew the order, and with no other intention than to make the decree what the judge presiding at the circuit intended it should be. These facts appeared

State ex rel. Kane vs. Larrabee.

by the return of the circuit judge, to which the relator demurred.

*Ryan & Brown*, for the relator, contended that the circuit judge had no authority in law to make an alteration in the decree of dismissal, unless upon motion and notice to the counsel for the defendant, and cited 2 Mad. Ch. Pr., 454, 482–487, 515; *Talbot v. Sharp*, 3 P. Wms., 371; *Anon.*, 1 Vesey, 93; *Shipbrook v. Huckingbrook*, 13 id., 387, 393; *Att'y Genl. v. Brook*, 3 Mer., 698; *S. C.*, 18 Vesey, 319; *Taylor v. Popham*, 15 id., 73, 76; *Gore v. Purdon*, 1 Sch. & Lef., 234; *Willis v. Parkinson*, 3 Swanst., 233; *Brackenbury v. Brackenbury*, 2 Jac. & W., 391; *Brookfield v. Bradley*, 2 Sim. & Stu., 61; *Radley v. Shaver*, 1 Johns. Ch., 200; *Bennett v. Winter*, 2 id., 204; *Wiser v. Blachley*, id., 488; R. S., ch. 100, §§ 1 and 4; Rules of Equity Prac., 76. The right of dismissing being statutory, is peremptory and the court could not withhold it or set it aside. R. S., ch. 84, § 32.

*Jas. H. Knowlton*, for respondent, argued that the judge had power to make the addition to or alteration of the order, without notice to the parties, to correct an error made in open court, and to carry out what was in fact intended by the order; that whether the alteration of the order was admissible or not, it did not change the rights of the parties or affect the validity of the order of dismissal as originally drawn; that the dismissal of the bill did not bar or preclude the complainants from filing a new bill for the same cause, and that the legal rights of the parties were not changed by the act of the judge in modifying or altering the decree.

WHITON, J. The return of the judge to the alternative writ of *mandamus* shows, that on the 18th day of April, 1851, at a term of the circuit court for Washington county, the case of *Calvin W. Howe et al. v. George Cogswell* and *Charles I. Kane*, was called in its order on the calendar; that, upon the failure of the complainants to appear, or any one of them, E. G. Ryan,

Esq., of counsel for said *Kane*, moved for a decree dismissing the bill of complaint in said cause, for want of prosecution; that the said judge directed the said E. G. Ryan, Esq., to draw up such decree; that the said E. G. Ryan, Esq., drew up a decree, which was handed to the judge, and after being altered so as to make it a dismissal of the bill as to the defendant *Kane* only, was signed by the judge. It further appears from said return, that on the next day the said decree was altered by inserting therein the words "without prejudice." It further appears by said return, that this alteration of the decree was made by the judge in open court; that he called the attention of the clerk of the court to the alteration, and made a memorandum at the bottom of said decree, showing where the alteration was made, and the nature and extent of the alteration. It further appears by the return, that this alteration was made without any notice to the parties, or either of them, but was made by the judge upon his own suggestion, to correct what he supposed was a clerical error of the counsel who drew up the decree, and with no other intention than to make the decree what the judge in the first instance intended it should be.

Admitting that the judge had no power to alter the decree after it had been signed by him, without notice to the parties, the question which presents itself to the court is, whether any change was made in the legal effect of the decree by the alteration.

For, if the legal rights of the relator, *Kane*, were not affected by the alteration; if the decree is the same now, in substance and effect, that it was before the alteration was made, a peremptory mandamus will not be awarded. All the authorities concur in sustaining the position, that a mandamus will not be granted to a relator for his relief, except where he has a specific legal right to be affected by it. *Marbury v. Madison*, 1 Cranch., 59; *State v. The Justices of Moore*, 2 Wend., 430; *The People v. The Trustees of Brooklyn*, 1 Wend., 318; *Hull v. Supervisors of Oneida*, 19 Johns., 260. It is a proceeding to correct an error

by which the legal rights of the relator have been affected, and can only be granted where a legal right exists.

Were then, the legal rights of the relator, *Kane*, affected by the alteration of the decree? If we were to grant the peremptory mandamus, and compel the judge to strike from the decree the words "without prejudice," would the legal rights of *Kane* be changed, or in any way affected? We have arrived at the conclusion, that the alteration made in the decree by the judge did not at all change its legal character or effect, and that consequently, *Kane* has no legal right involved in this application.

The decree can have no other effect than the ordinary one, dismissing a bill for want of prosecution. No examination was made of the matters stated in the bill, and no adjudication was had upon them. In such a case it is clear that a decree dismissing a bill would be no bar to another bill setting up the same matters contained in the bill dismissed. To make the dismissal of a bill a bar to another suit for the same cause, it must appear that the dismissal was made after a hearing, and an examination into its merits. Story's Eq. Plead., 356, 793; *Rosse v. Rust*, 4 Johns. Ch., 300 ; *Neafie v. Neafie*, 7 Johns. Ch., 1.

If this proposition is correct, the legal effect of this decree is the same, whether the words "without prejudice" are contained in it, or not, as these words only modify a decree dismissing a bill, which without them, would be a bar to another suit for the same cause.

It was contended at the argument, that our statute (R. S. ch. 84, § 32) gave an effect to the decree which we are considering, different from that which properly belongs to an order dismissing a bill for want of prosecution. The section of the statute referred to is as follows : "If the complainant shall not attend at the time appointed for the hearing of the cause, his bill shall be dismissed with costs." The statute is silent as to the effect of the dismissal of the bill, and we cannot give it any greater effect, than an ordinary dismissal for want of pros-

ecution; for in neither case, are the merits of the bill at all drawn in question.

We are of opinion that the answer of the judge is sufficient, and that the demurrer must be overruled.

Demurrer overruled accordingly.