See note to this case in 14 L. R. A. 203.— Rep.

ELLIS, Respondent, vs. NORTHERN PACIFIC RAILROAD COMPANY, imp., Appellant.

*October 22 — November 17, 1891.*

Res adjudicata: *Decision on demurrer: State and federal courts.*

1. The decision of this court upon a demurrer is conclusive upon the questions legitimately involved, and is *res adjudicata* in that case.

2. In an action to quiet title to land, an order overruling a demurrer to the complaint was affirmed by this court, it being held that the defendant's title was void.  After the commencement of that action the defendant railroad company brought a suit against the plaintiff in a federal court to quiet the title to other parcels of land held by it by the same title.  The adjudication of this court was not pleaded in the latter suit, and the federal court adjudged the title of the railroad company to be valid.  The company then asked leave to file in the first-mentioned action, which had been remanded to the circuit court for trial, an amended answer setting up the judgment of the federal court as a bar by way of estoppel, on the ground that the question of the validity of its title had been adjudged in its favor by a competent court in an action between the same parties.  *Held*, that leave to plead such judgment was properly denied, the question being *res adjudicata* by the decision of this court.

Ellis vs. The Northern Pacific R. Co.

APPEAL from the Circuit Court for *Douglas* County.

Action to quiet title to lands. The facts are stated in the opinion. The defendant railroad company appeals from a judgment in favor of the plaintiff.

For the appellant there was a brief by *Catlin & Butler*, attorneys, and *Pinney & Sanborn*, of counsel, and oral argument by *S. U. Pinney*. They contended, *inter alia*, that the suit in the United States court was for wholly different lots and lands, though both that case and this involved, in respect to different estates, the *same controversy*, namely, whether the contract of donation and deed of conveyance made in pursuance of it were valid or void. In this case the plaintiff founds his title to relief solely upon the ground that the agreement of donation and the deed were void. In the suit in the United States court the complainant (the defendant here) based its equity and right to the decree upon the sole ground that said agreement and deed were valid. The decree in the latter suit was between the same parties, and was made pending this suit and before final judgment was rendered in it. Its effect is to conclusively establish the validity of the agreement and estop the parties from ever disputing or litigating that question further in any other court, whenever the decree is pleaded or produced in evidence, although the particular subject matter of the suits be not identical. *Duchess of Kingston's Case*, 20 How. State Trials, 355; 2 Smith's L. C. 424, and cases cited; *Outram v. Morewood*, 3 East, 346; *Sawyer v. Woodbury*, 7 Gray, 499, 66 Am. Dec. 518; *Emmons v. Dowe*, 2 Wis. 356, 357; *Woodward v. Hill*, 6 id. 143, and cases in note; *Heath v. Frackleton*, 20 id. 322, 323; *Danaher v. Prentiss*, 22 id. 317–319; *Iowa Co. v. M. P. R. Co.* 24 id. 115, 116; *Amory v. Amory*, 26 id. 152; *Shepardson v. Cary*, 29 id. 35, 43; *Beloit v. Morgan*, 7 Wall. 622; *Dean v. Borchsenius*, 30 Wis. 248; *Strong v. Hooe*, 41 id. 671; *Ely v. Wilcox*, 26 id. 91; *Lawrence v. Milwaukee*, 45 id. 306, 309;

*Ressequie v. Byers,* 52 id. 650; *Bank v. Ketchum,* 66 id.
428, 437; *Brittain v. Kinnaird,* 1 Brod. & Bing. 432;
*Wanzer v. Howland,* 10 Wis. 8; *Prigg v. Adams,* 2 Salk.
675; *McNeil v. Bright,* 4 Mass. 282; *Arnold v. Booth,* 14
Wis. 180, 186, 187; *Cin., U. & Ft. W. R. Co. v. Wynne,*
14 Ind. 385; *Brengle v. Richardson,* 78 Va. 406; *Van Pelt
v. Kimball,* 18 Wis. 362. Courts of a state are bound to
accord to the judgments and decrees of a federal court the
same "full faith and credit" that is to be accorded to the
judgments and decrees of a court of record of a sister state.
*Crescent City L. S. Co. v. Butchers' Union,* 120 U. S. 141;
*Carson v. Dunham,* 121 id. 429; *Giles v. Little,* 134 id. 649;
*Dupasseur v. Rochereau,* 21 Wall. 130. See, also, *Embury
v. Conner,* 3 N. Y. 511; *Doty v. Brown,* 4 id. 71; *Beloit v.
Morgan,* 7 Wall. 619; *Cromwell v. Sac Co.* 94 U. S. 351;
*Elgin v. Marshall,* 106 id. 578; *Foye v. Patch,* 132 Mass.
105; *Merriam v. Whittemore,* 5 Gray, 316; *Bouchard v.
Dias,* 3 Denio, 238; *Babcock v. Camp,* 12 Ohio St. 11; *Au-
rora v. West,* 7 Wall. 82; *Gardner v. Buckbee,* 3 Cow. 120,
15 Am. Dec. 256; *Lumber Co. v. Buchtel,* 101 U. S. 638;
*Wilson's Ex'r v. Deen,* 121 id. 525, 532–535; *Packet Co. v.
Sickles,* 5 Wall. 580; *Tioga R. Co. v. B. & C. R. Co.* 20 Wall.
137; *Pray v. Hegeman,* 98 N. Y. 351; *Bissell v. Spring
Valley,* 124 U. S. 225, 231.

The decree of a court of equity in a suit to quiet title is
conclusive as an estoppel upon the question of title. *Ind.,
B. & W. R. Co. v. Allen,* 113 Ind. 308; *Starr v. Stark,* 1
Sawy. 275; *Doyle v. Hallam,* 21 Minn. 515; *Davis v. Len-
nen,* 125 Ind. 185.

The case is not one where the federal court was bound
to follow the decisions of the state court. The question is
simply one as to the implied or common-law powers of the
county as a public corporation, and of the railroad com-
pany — a question on which the federal court has a right
to follow its own views whether in harmony with those of

Ellis vs. The Northern Pacific R. Co.

the state or not. *Olcott v. Supervisors*, 16 Wall. 678; *Railroad Co. v. Otoe Co.* id. 667; *Moultrie Co. v. Fairfield*, 105 U. S. 370.

It matters not which suit was first commenced. The first final adjudication is, when properly presented, a bar to the other suit proceeding upon the same controversy or dispute. *North Bank v. Brown*, 50 Me. 214; *Paine v. Schenectady Ins. Co.* 11 R. I. 411; *Baxley v. Linah*, 16 Pa. St. 241; *Bowne v. Joy*, 9 Johns. 221; *Walsh v. Durkin*, 12 id. 99; *Finlay v. Hanbest*, 30 Pa. St. 190; *Duffy v. Lytle*, 5 Watts, 120; *Marble v. Keyes*, 9 Gray, 221; *Wood v. Lake*, 13 Wis. 94.

A decision on demurrer is not *res adjudicata* until it has become established by final judgment or decree. *Armstrong v. Gibson*, 31 Wis. 61; *Watson v. Appleton*, 62 id. 270; Bigelow, Estoppel, 59; *Webb v. Buckelew*, 82 N. Y. 555; *Lutheran Ev. Church v. Gristgau*, 34 Wis. 328; *Teetshorn v. Hull*, 30 id. 162; *Doud v. W., P. & S. R. Co.* 65 id. 108; *Paddock v. S. F. & M. Ins. Co.* 12 N. Y. 591–2; *Elwell v. Johnson*, 74 id. 80; *C. V. Nat. Bank v. Lynch*, 76 id. 514; *Kirchner v. Wood*, 48 Mich. 199; *Gage v. Eich*, 56 Ill. 297; *State v. Staylor*, 70 Md. 472; *Detrick v. Sharrar*, 95 Pa. St. 521; *Alley v. Nott*, 111 U. S. 475; *Bissell v. Spring Valley*, 124 id. 225, 231–4.

For the respondent there was a brief by *W. F. Bailey* and *D. E. Roberts*, and oral argument by *Burr W. Jones*. They argued, among other things, that the determination of any question by a court of last resort is final and conclusive upon the parties in that court and all other courts, and if the question so determined is the legality of a contract it embraces all the contract includes, though the *res* may be different; citing many cases. The judgment of the circuit court upon the demurrer, affirmed by this court, was a final judgment. The term final, in its application to the doctrine under consideration, is used in the sense of

being conclusive. *White v. Coatsworth,* 6 N. Y. 137, 143; *Demarest v. Darg,* 32 id. 290; *Akerly v. Vilas,* 24 Wis. 165, 173–4; *Lathrop v. Knapp,* 37 id. 307, 312; *Pierce v. Kneeland,* 9 id. 23; *Fire Dep't v. Tuttle,* 50 id. 552; *Wright v. Sperry,* 25 id. 617; *Du Pont v. Davis,* 35 id. 638. The federal court should have followed the decision of this court, which, in connection with its previous uniform decisions, established a rule of property. *Miles v. Caldwell,* 2 Wall. 43; *Beauregard v. New Orleans,* 18 How. 502; *Jackson v. Chew,* 12 Wheat. 153; *Christy v. Pridgeon,* 4 Wall. 203; *League v. Egery,* 24 How. 266; *Fairfield v. Gallatin Co.* 100 U. S. 47; *Suydam v. Williams,* 24 How. 428; *Whiting v. S. & F. du L. R. Co.* 25 Wis. 167; *Phillips v. Albany,* 28 id. 340; *Rogan v. Watertown,* 30 id. 260; *Bound v. Wis. Cent. R. Co.* 45 id. 543; *Ellis v. N. P. R. Co.* 77 id. 114; *Green v. Lessee of Neal,* 6 Pet. 295; *Henne v. Curtis,* 31 Cal. 402; *Enfield v. Jordan,* 119 U. S. 690; *Supervisors v. U. S.* 18 Wall. 71; *Ridings v. Johnson,* 128 U. S. 224; *Bondurant v. Watson,* 103 id. 281; *Clements v. Packer,* 125 id. 322; *Hanrick v. Patrick,* 119 id. 169; *Arrowsmith v. Gleason,* 129 id. 99; *Bacon v. N. W. Life Ins. Co.* 131 id. 264; *Connecticut Mut. L. Ins. Co. v. Cushman,* 108 id. 51; *Amy v. Watertown,* 130 id. 318.

Winslow, J. This action, brought to quiet title, has been once before this court upon demurrer to the complaint. 77 Wis. 114.

As will be seen by consulting the opinion upon that appeal, the complaint charged that the title claimed by appellant railroad company was derived by virtue of an attempted donation by Douglas county in consideration of the building and equipment of a certain line of railroad. This court then held, following *Whiting v. S. & F. du L. R. Co.* 25 Wis. 167, that the county had no authority to make such a donation, and consequently that the title thereby acquired

was void. It seems that a large number of parcels of land not in controversy in this action were conveyed by the county to the railroad company at the same time and by virtue of the same agreement of donation, and that, subsequently to the commencement of this action, the appellant commenced an action in the United States circuit court against the respondent here for the purpose of quieting its title to said other parcels of land. In the last-named action the adjudication of this court upon the demurrer on this action was not pleaded, and the cause proceeded to trial upon bill and answer, and resulted in a judgment, March 7, 1891, adjudging that the railroad company had good title as against the respondent to the lands involved in said action.

Immediately after the trial of said action in the United States circuit court the appellant made application to file an amended answer in this action, setting up as a defense the judgment so rendered as a bar by way of estoppel to this action, upon the ground that the question of the validity of the agreement and conveyance of donation had been adjudged in favor of the railroad company by a competent court in an action between the same parties. This application was refused by the circuit court, and the cause proceeded to trial April 1, 1891, upon the complaint and answer of the appellant claiming title. Upon this trial the appellant renewed its application to plead the former adjudication, and offered in evidence the record of the action in the United States court, both of which offers were rejected and overruled by the court; and, it appearing that appellant's only title was under the agreement of donation, the circuit court found and adjudged that respondent was the owner of the lands here in controversy, and that appellant's alleged title was void.

The circuit court held, in its rulings upon the proposed answer and in its judgment, in effect, that the decision of

this court upon the former appeal was *res adjudicata* in this action. If this view was correct, then the judgment below must be sustained, because upon that appeal the question was fairly raised whether the county could lawfully donate the land in question to the railroad company, and it was decided by this court that it could not.

It is vigorously contended by appellant's counsel that the rule of law is that a decision can only become *res adjudicata* when it is contained in a final judgment in the cause, and that, the decision upon the demurrer being confessedly not a final judgment, but granting leave to plead over, it cannot be considered as *res adjudicata;* and authorities are cited which undoubtedly tend to support that contention.

We shall not attempt to review the authorities nor reconcile conflicting decisions. It is sufficient to say that by repeated decisions it has become the settled law in this state that the decision of this court upon a demurrer is conclusive upon the questions legitimately involved, and is *res adjudicata* in that case. *Noonan v. Orton,* 27 Wis. 300; *Lathrop v. Knapp,* 37 Wis. 307; *Fire Dep't v. Tuttle,* 50 Wis. 552. It is true that this court has decided that an order of the circuit court upon a demurrer is not *res adjudicata.* This doctrine, however, is based upon the ground that such an order is reviewable by statute upon appeal from the judgment. *Hackett v. Carter,* 38 Wis. 394. But the decision of this court upon a demurrer upon the questions properly involved cannot be reviewed by the circuit court, nor, indeed, by this court, save upon motion for rehearing. Such questions are finally decided and settled for that case, and, as between the parties to that litigation, for all time. This view of the law decides this case. The complaint charged the appellant's alleged title to be just what the proofs now before us show it to be, and this court, prior to the judgment in the United States court, finally decided that such alleged title was worthless. The question was no

longer an open one, and the circuit court was right in rul-ing out the record of the action in the United States court, and rendering judgment for the plaintiff.

The conflict between the opinions of this court and the United States courts upon the question of donations by municipal corporations to railway companies is to be re-gretted, but we cannot change what we believe to be a salutary and wholesome rule of law, which has become settled by frequent decisions of this court, on that account. These views render unnecessary any discussion of other questions argued by counsel.

*By the Court.*— The judgment of the circuit court is af-firmed.

