LEWKO, by Guardian *ad litem,* Appellant, vs. CHAS. A. KRAUSE MILLING COMPANY, Respondent.

*June 4—June 24, 1935.*

For the appellant there was a brief by *Sydney C. Charney*, attorney, and *A. W. Richter* of counsel, both of Milwaukee, and oral argument by *Mr. Richter*.

For the respondent there was a brief by *Gold & McCann*, attorneys, and *W. G. Sullivan* of counsel, all of Milwaukee, and oral argument by *Mr. Sullivan*.

ROSENBERRY, C. J.    The controversy in this case is occasioned by the fact that in *Angelier v. Red Star Yeast & Products Co.* 215 Wis. 47, 254 N. W. 351, the cases of *Lewko v. Chas. A. Krause Milling Co.* 179 Wis. 83, 190 N. W. 924, and *Zartner v. George,* 156 Wis. 131, 145 N. W. 971, upon which it was largely based, were overruled. Upon this appeal the plaintiff contends that, in accordance with the Blackstonian theory, the law declared in the *Angelier Case* was the law of this state at all prior times, and that, although the identical controversy was adjudicated in the former action, the rule of *res judicata* should not now bar the appellant's present cause of action.

The plaintiff first argues that a decision sustaining a demurrer is not *res judicata* because there has been no trial upon the merits. In this contention it is considered that the plaintiff is in error. In *Hooper v. Oshkosh*, 192 Wis. 523, 213 N. W. 285, it was held:

"The appeal from the judgment raises the identical questions raised and decided upon the appeal from the order sustaining the demurrer, and such former decision is *res judicata*," citing a number of Wisconsin cases beginning with *Ellis v. Northern Pac. R. Co.* 80 Wis. 459, 50 N. W. 397.

It has been held from time immemorial, and the doctrine of *res judicata* is a part of the law of most civilized nations, that an existing final judgment rendered upon the merits without fraud or collusion by a court of competent jurisdiction upon a matter within its jurisdiction is conclusive of the rights of the parties and their privies. *Williams v. Williams,* 63 Wis. 58, 23 N. W. 110. The judgment of this court when the case was here upon the first appeal is in accord with all the requirements of this rule.

Of course, there are cases where the demurrer does not raise questions which go to the merits, as, for instance, a demurrer on the ground that the plaintiff has no capacity to sue, does not raise a question relating to the merits of the controversy. However, the appellant contends that in *McGovern v. Eckhart,* 200 Wis. 64, 227 N. W. 300, this court departed from the rule, and that in accordance with the precedent set there it should again depart from it. In that case it was distinctly held that prior determination made in the case was not upon the merits, but merely upon a formative part of the case determining questions arising on the pleadings before trial. In any event, the decision in that case did not relate to the rule of *res judicata,* but to what extent the court might properly depart from the rule that prior decision constitutes the law of the case. The rule relating to the

law of the case has no application here. Upon the former appeal it was adjudged that the plaintiff had no cause of action. That judgment has never been modified or done away with in any way. The plaintiff now seeks recovery upon the identical facts stated in his former complaint. This he may not have within the rule of the cases cited.

*By the Court.*—Order affirmed.