ANGERS, Appellant, vs. SABATINELLI and others, Defendants: NORTHWESTERN IRON & METAL COMPANY and others, Respondents.

*December 1, 1941—January 13, 1942.*

*Samuil Nissenbaum* of Milwaukee, for the appellant.
*A. L. Skolnik* of Milwaukee, for the respondents.

ROSENBERRY, C. J.   Despite the fact that on the former appeal this court after making a careful analysis of plaintiff's complaint pointed out that the complaint stated a good cause of action for declaratory relief under sec. 269.56, Stats., and no other and that the only defendants against whom such a cause of action is stated are, (1) the creditors of the Cream

City Wrecking Company, and (2) the Nelli Wrecking Company, his immediate grantor, by his third amended complaint the plaintiff still insists that he has stated a good cause of action in equity against respondents.

The first contention made upon this appeal is that no judgment can be entered on the merits without a trial. This contention is without merit. *Scharine v. Huebsch* (1931), 203 Wis. 261, 234 N. W. 358; *Rebholz v. Wettengel* (1933), 211 Wis. 285, 248 N. W. 109. The plaintiff cites in support of his argument *Luebke v. Watertown* (1939), 230 Wis. 512, 515, 284 N. W. 519, 520. In that case it is held that judgment on the merits is only entered—

"upon findings so made, *upon rulings on demurrer when pleading over is not served, upon a motion for judgment on the pleadings,*" etc. The case supports the position of respondents. See *Harnischfeger Sales Corp. v. Kehrein Bros.* (1938) 229 Wis. 225, 281 N. W. 918.

The plaintiff further contends that that part of the order denying him leave to amend violates his constitutional rights. This claim is so fantastic that it does not merit reply. The plaintiff is not entitled to amend his complaint indefinitely. Pleading over is a matter that is within the sound discretion of the trial court. Sec. 263.46, Stats. *Marshall v. Wittig* (1931), 205 Wis. 510, 238 N. W. 390. Certainly whether plaintiff should be permitted to serve a fourth amended complaint rests in the sound discretion of the trial court. The demurrer having been sustained on the ground that no cause of action had been stated, the plaintiff having failed to comply with the conditions imposed by order of court, is not entitled to any relief in law as against the three respondents and the court correctly dismissed the plaintiff's complaint as to them.

The third amended complaint states no other or different cause of action than was stated in the second amended complaint. The plaintiff purchased nothing but the real estate in

question. He bought this from the Nelli Wrecking Company. He had no dealings with the three defendants. He alleges in the complaint that he purchased the real estate, paid an adequate consideration therefor; that after the purchase he discovered that the land had been conveyed in fraud of creditors; that he was liable to an action by creditors to set aside the conveyance and instituted this action to clear his title and to get credit for the money already paid by him and have same established as a lien upon the premises if the fraudulent conveyance should be set aside. The third amended complaint is subject to the same infirmities as the second amended complaint and the trial court correctly so held. As a matter of fact, the plaintiff by reference realleges and reaffirms all the matters alleged in his second amended complaint and so incorporates them in the third amended complaint. Inasmuch as the creditors have not moved to set aside the conveyance by which the plaintiff acquired title upon his complaint he is entitled to the declaratory relief as indicated in the opinion in the former case.

The plaintiff having failed to apply to the trial court for leave to amend in accordance with the order, he elected thereby to stand or fall upon the third amended complaint. His contention that he did not have time to digest the decision of the circuit court is frivolous. He knew that the complaint had been held defective; he knew both from the decision of this court and of the trial court in what respects it had been held defective; he knew whether there were facts which if alleged and set out in the complaint would cure the defect. The plaintiff has made three attempts to state a cause of action against these defendants. He has had the advantage of an exhaustive opinion by this court. By no stretch of the imagination can it be held that there was any abuse of discretion in withholding leave to file a fourth amended complaint except upon a proper showing.

*By the Court.*—The judgment appealed from is affirmed.