O'Brien, Appellant, v. Hessman, Respondent.

*April 3—May 1, 1962.*

456

457

For the appellant there was a brief by *Zillmer & Redford,* and oral argument by *William C. Dill,* all of Milwaukee.

For the respondent there was a brief and oral argument by *William L. McCusker* of Madison.

GORDON, J. The appellant contends that the disposition of the 1952 action does not preclude the present litigation. The respondent maintains that the judgment dismissing the 1952 complaint on its merits is a bar to the present action.

Generally, a prior adjudication is a bar to a subsequent action involving the same parties and the same cause of action. This is the doctrine of *res judicata.* See *Will of Nunnemacher* (1939), 230 Wis. 93, 283 N. W. 326, and *Rahr v. Wittmann* (1911), 147 Wis. 195, 132 N. W. 1107. See also Restatement, Judgments, p. 191, sec. 48, and Charles, Res Adjudicata and Estoppel by Judgment, 32 Wisconsin Bar Bulletin, 16 (June, 1959).

The issue here is the conclusiveness of the judgment on the merits entered subsequent to the demurrer. The Restatement, Judgments, p. 197, sec. 50, states the general rule:

"Where a valid and final personal judgment in favor of the defendant is rendered on the ground that the complaint is insufficient in law, the judgment is conclusive as to the matters determined, and if the judgment is on the merits the plaintiff cannot thereafter maintain an action on the original cause of action."

Wisconsin is in accord with this general rule. See *Lewko v. Chas. A. Krause Milling Co.* (1935), 219 Wis. 6, 261 N. W. 672; *Hooper v. Oshkosh* (1927), 192 Wis. 523, 213 N. W. 285; *Ellis v. Northern Pacific R. Co.* (1891), 80 Wis. 459, 50 N. W. 397. See also Anno. 13 A. L. R. 1104, supplemented in 106 A. L. R. 437.

However, the appellant argues that if the demurrer does not go to the merits then the subsequent judgment of dismissal is not *res judicata*. See *Lewko v. Chas. A. Krause Milling Co., supra; Taylor v. Matteson* (1893), 86 Wis. 113, 56 N. W. 829; *Docter v. Furch* (1890), 76 Wis. 153, 44 N. W. 648, 44 N. W. 826. The appellant points out that the order in the 1952 action sustaining the demurrer to his complaint allowed him time to plead over. Thus, he argues, it is clear that the demurrer in the 1952 action did not go to the merits.

But the appellant did not plead over in the 1952 action. He permitted a judgment on the merits to be entered against him. A judgment on the merits may be entered without a trial. *Angers v. Sabatinelli* (1942), 239 Wis. 364, 1 N. W. (2d) 765.

We recognize that under similar facts courts in other jurisdictions have held that the failure to plead over and a subsequent judgment of dismissal do not foreclose the commencement of a new action. But other courts have held that the failure to plead over and a judgment of dismissal constitute a bar to a later action. The cases on each side are listed in Anno. 13 A. L. R. 1104, 1115–1120.

Upon the facts of the instant case, we hold that the judgment dismissing the 1952 complaint on its merits, entered after the appellant failed to plead over, was *res judicata* and is a bar to this present action by the appellant.

*By the Court.*—Judgment affirmed.