A C STORAGE COMPANY, Respondent, v. MADISON MOVING & WRECKING CORPORATION, Appellant.

*January 8—January 30, 1968.*

---

[1] *Voysey v. Labisky* (1960), 10 Wis. 2d 274, 103 N. W. 2d 9.

For the appellant there was a brief by *Walther & Burns*, attorneys, and *David L. Walther* of counsel, all of Milwaukee, and oral argument by *David L. Walther*.

For the respondent there was a brief by *Ray T. McCann*, attorney, and *Leonard L. Loeb* of counsel, both of Milwaukee, and oral argument by *Mr. Loeb*.

HANLEY, J.   The sole issue presented on this appeal is whether or not the order of dismissal of the original action for failure to replead within thirty days constitutes a bar to the present action.

In *O'Brien v. Hessman* (1962), 16 Wis. 2d 455, 458, 459, 114 N. W. 2d 834, this court approached the problem presented in this case. A good portion of that decision follows:

"Generally, a prior adjudication is a bar to a subsequent action involving the same parties and the same cause of action. This is the doctrine of *res judicata*. See *Will of Nunnemacher* (1939), 230 Wis. 93, 283 N. W.

326, and *Rahr v. Wittmann* (1911), 147 Wis. 195, 132 N. W. 1107. See also Restatement, Judgments, p. 191, sec. 48, and Charles, Res Adjudicata and Estoppel by Judgment, 32 Wisconsin Bar Bulletin, 16 (June, 1959).

"The issue here is the conclusiveness of the judgment on the merits entered subsequent to the demurrer. The Restatement, Judgments, p. 197, sec. 50, states the general rule:

" 'Where a valid and final personal judgment in favor of the defendant is rendered on the ground that the complaint is insufficient in law, the judgment is conclusive as to the matters determined, and if the judgment is on the merits the plaintiff cannot thereafter maintain an action on the original cause of action.'

"Wisconsin is in accord with this general rule. See *Lewko v. Chas. A. Krause Milling Co.* (1935), 219 Wis. 6, 261 N. W. 672; *Hooper v. Oshkosh* (1927), 192 Wis. 523, 213 N. W. 285; *Ellis v. Northern Pacific R. Co.* (1891), 80 Wis. 459, 50 N. W. 397. See also Anno. 13 A. L. R. 1104, supplemented in 106 A. L. R. 437.

"However, the appellant argues that if the demurrer does not go to the merits then the subsequent judgment of dismissal is not *res judicata.* See *Lewko v. Chas. A. Krause Milling Co., supra; Taylor v. Matteson* (1893), 86 Wis. 113, 56 N. W. 829; *Docter v. Furch* (1890), 76 Wis. 153, 44 N. W. 648, 44 N. W. 826. The appellant points out that the order in the 1952 action sustaining the demurrer to his complaint allowed him time to plead over. Thus, he argues, it is clear that the demurrer in the 1952 action did not go to the merits.

"But the appellant did not plead over in the 1952 action. He permitted a judgment on the merits to be entered against him. A judgment on the merits may be entered without a trial. *Angers v. Sabatinelli* (1942), 239 Wis. 364, 1 N. W. (2d) 765.

"We recognize that under similar facts courts in other jurisdictions have held that the failure to plead over and a subsequent judgment of dismissal do not foreclose the commencement of a new action. But other courts have held that the failure to plead over and a judgment of dismissal constitute a bar to a later action. The cases on each side are listed in Anno. 13 A. L. R. 1104, 1115–1120.

"Upon the facts of the instant case, we hold that the judgment dismissing the 1952 complaint on its merits,

entered after the appellant failed to plead over, was *res judicata* and is a bar to this present action by the appellant."

The trial court distinguished the *O'Brien Case* concluding the order dismissing the action in *O'Brien* was expressly stated to be "on the merits." The order of dismissal in the case at bar did not so state.

However, some courts have taken the position that where a plaintiff fails or refuses to replead, a subsequent order dismissing the case is *deemed* to be "on the merits."

"The defense of res judicata ordinarily must rest upon the fact that a judgment upon the merits has been entered in the former litigation. . . . The general rule in this Commonwealth is that a judgment following the sustaining of a demurrer is not a bar to a second action for the same cause of action. . . .

"There is, however, a well established exception to this general rule, and a judgment in the earlier action following the sustaining of a demurrer is a bar to a second action for the same cause of action where the plaintiff had been granted leave to amend his earlier declaration and had neglected or refused to do so. In such instances, the judgment entered in the first action is deemed to have been entered on the merits. . . ." *Hacker v. Beck* (1950), 325 Mass. 594, 597, 91 N. E. 2d 832, 834.

In *Christner v. Christner* (1950), 203 Okla. 581, 582, 224 Pac. 2d 594, 596, it is said:

"In Hutchings v. Zumbrunn, 86 Okla. 226, 208 Pac. 2d 224, it is stated:

"'Where a demurrer to a petition, on the ground that said petition fails to state facts sufficient to constitute a cause of action, is sustained, and the defendant refuses to further plead, but elects to stand on his petition, whereupon judgment is rendered against him, such judgment is "on the merits" and is final and conclusive, until reversed on appeal, and is a bar to a subsequent action between the same parties and upon the same facts pleaded.'

"The effect of sustaining a demurrer to a petition and dismissing the action upon the refusal of plaintiff to

replead is the same as if the case had been tried by a court and jury and issues found for defendant. . . ."

While the rule may be warranted where the complaint merely fails to state a cause of action, it is not where the demurrer is sustained on some ground which makes it impossible for the plaintiff to plead over in the same cause of action. Such is the case where a demurrer is sustained because the court lacked jurisdiction either over the person or the subject matter. In such a case allowing the plaintiff thirty days to replead would be a useless gesture. Certainly the plaintiff should not be barred on res judicata grounds from bringing another action when jurisdiction over the person can be obtained or when the proper tribunal is afterward summoned for relief. Such is also the case where the demurrer is sustained because the plaintiff has improperly united two causes of action. The plaintiff may not amend his complaint in any amount of time to properly bring the two actions in one. His only course at this point is to strike one cause from his complaint and submit the remaining cause in the original action as an amended complaint, and then to take the stricken cause and bring a new action thereon.

In the case at bar, both the demurrer by Fox Head and the demurrer by Madison Moving in the original action alleged two separate grounds: (1) That the face of the complaint did not state facts sufficient to constitute a cause of action, and (2) that several causes of action had been improperly united.

In sustaining the demurrers, the trial court did not specify which ground, or whether it may have been both grounds, on which he was sustaining the demurrers. In any event, it was only permissible for the trial court to sustain both the demurrers upon one of the two grounds. A complaint cannot both fail to state a cause of action and improperly unite several causes of action:

"If, as contended by the defendant, the second cause of action fails to allege facts sufficient to constitute a cause of action, then there is no ground for claiming that several causes of action have been improperly united. It is only where the complaint states two or more good causes of action that a demurrer will lie for misjoinder. . . ." *Koepke v. Winterfield* (1902), 116 Wis. 44, 47, 92 N. W. 437.

See also *Marston Brothers Co. v. Oliver W. Wierdsma Co.* (1944), 244 Wis. 394, 401, 12 N. W. 2d 748; *White v. White* (1907), 132 Wis. 121, 111 N. W. 1116; *Boyd v. Mutual Fire Asso.* (1903), 116 Wis. 155, 90 N. W. 1086, 94 N. W. 171.

Looking at the complaint filed in the original action, it does allege facts sufficient to state a cause of action against both Fox Head and Madison Moving. It alleges a contract between Fox Head and plaintiff, alleges the contract was breached, and alleges damages. Against Madison Moving, the complaint alleges negligence, and alleges damages. It may be argued that the complaint is not as precise and clear as it possibly could have been. " 'However,' as this court said in *Roe v. Lincoln County,* 56 Wis. 66, 70, 13 N. W. 887, 'inartificially the facts may be presented by the complaint, or however defective, uncertain, or redundant may be the mode of their statement, if a good cause of action can be gathered from it by a liberal interpretation, a demurrer to it will not be sustained.' " *Whittier v. Atkinson* (1941), 236 Wis. 432, 435, 295 N. W. 781.

If the defendant's objection is lack of detail or precision of the allegations, its remedy is by a motion to make more definite and certain, not by demurrer. *Weber v. Naas* (1933), 212 Wis. 537, 250 N. W. 436; *Boek v. Wagner* (1957), 1 Wis. 2d 337, 83 N. W. 2d 916.

Because the trial court in the original action did not state its reasons for sustaining the demurrers it should be presumed that it sustained them on the proper ground.

Since the complaint does state causes of action against both Madison Moving and Fox Head, it must be assumed the demurrers were sustained for improperly uniting two separate causes of action. The granting of time to plead over then could only allow the plaintiff to plead over against one of the defendants since there is no way it could properly join the actions. Consequently, the granting of the thirty days to plead over necessarily assumes that the plaintiff will plead over only as to one defendant, and not to both, when a demurrer is sustained for improperly uniting two different and separated causes of action.

The order of the court in the original action allowing plaintiff thirty days to replead only limited the plaintiff's right to *replead* in the original action. If the order had stated that plaintiff had thirty days to replead and/or bring a separate action against either of the defendants, appellant's argument that subsequent dismissal constitutes res judicata might be meritorious. The order, however, did not so state and should not be held to limit plaintiff's right to start a new action against one of the defendants.

Upon the facts of the instant case, we hold the order dismissing the 1964 complaint entered after plaintiff failed to plead over was not res judicata so as to constitute a bar to this present action by the plaintiff.

*By the Court.*—Order affirmed.