**Earl DODGE d/b/a Dodge Designs,**
**Plaintifff,**

v.

**CARRI–CRAFT, INC., DIVISION OF**
**WISCONSIN TANKTAINER, INC.,**
**a corporation, Defendant.**

**Civ. A. No. 69–C–619.**

United States District Court,
E. D. Wisconsin.

Oct. 8, 1971.

William S. Slate, Markesan, Wis., and Jerome E. Randall, Milwaukee, Wis., for plaintiff.

George W. Curtis, Oshkosh, Wis., for defendant.

## OPINION AND ORDER

REYNOLDS, District Judge.

This is a motion for summary judgment, the only issue being the res judicata effect of a prior state action which was dismissed for failure to replead after a demurrer to the initial complaint was sustained. Jurisdiction of this court is grounded on Title 28 U.S.C. § 1332—diversity of citizenship.

On July 17, 1969, plaintiff commenced an action in the Green Lake County Court of Wisconsin against the defendant alleging a royalty contract and demanding payment in accordance with that agreement. Defendant demurred to that complaint on the grounds that (1)

it failed to state facts sufficient to constitute a cause of action, and (2) that the action was barred by the statute of limitations. On September 25, 1969, a hearing was held before the county court, at the conclusion of which the court ruled that:

"As to the balance of the Demurrer, the Court will sustain the Demurrer, and give the Plaintiff a period of 20 days to replead. * * *

* * * * *

" * * * The Court will say that the Court was not considering the State [sic] of Limitations in its decision. * * * As far as that portion of the Demurrer is concerned, that portion may be strickened [sic]. The Court grants all of the balance of the Demurrer on the vagueness of the allegations in the complaint and gives the Plaintiff the right to replead."

A written order sustaining the demurrer and granting twenty days leave to replead was entered by the court on the same day. Plaintiff failed to replead within twenty days, and on November 3, 1969, an order of dismissal was entered.

On December 18, 1969, plaintiff commenced the instant action. The complaint before me, seeking damages of $112,000 alleges the same fundamental cause of action as that alleged in the prior state court action but with more clarity and preciseness, e. g., the complaint before me as opposed to the one before the state court states the royalty agreement was a written one. On April 17, 1971, defendant forwarded to this court the following letter addressed to the defendant's counsel from the state court judge who presided over the prior state action, bearing the date of April 14, 1971:

"Mr. Curtis knows perfectly well that the matter in this Court was dismissed without prejudice. He brought up the defense that the matter should be in Federal Court and it was agreed that the Green Lake County Court case would be dismissed and you would be free to file the matter in Federal Court."

None of the above facts are contested; therefore, this matter is ripe for summary judgment as the only controversy which exists is one of law. For the reasons set forth below, I find that defendant's motion for summary judgment must be granted.

 It is beyond citation that a district court acting under diversity jurisdiction is "in effect, only another court of the State." It is further clear that in matters of res judicata a federal court must apply appropriate state law in that area in cases grounded on diversity. Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947).

Early Wisconsin law clearly distinguished, for res judicata purposes, between demurrers granted because of poorly pleaded "potential" causes of actions and demurrers granted because, irregardless of the quality of the pleadings, there was simply no cause of action which could ever be pleaded. While res judicata clearly applied in the latter situation, no such bar could be raised in the former situation provided counsel in the second action corrected his pleading errors, for the demurrer in the latter situation went to the "merits" while the demurrer in the former situation went only to the pleadings. Docter v. Furch, 76 Wis. 153, 44 N.W. 648, 44 N.W. 826 (1890); Taylor v. Matteson, 86 Wis. 113, 56 N.W. 829 (1893); State ex rel. Faber v. Hinkel, 131 Wis. 103, 111 N.W. 217 (1907). However, in Lewko v. Chas. A. Krause Milling Co., 219 Wis. 6, 8, 261 N.W. 672 (1935), this early rule was placed in some doubt (by omission) when the court in describing which demurrers lacked general res judicata effect stated:

"Of course, there are cases where the demurrer does not raise questions which go to the merits, as, for instance, a demurrer on the ground that the plaintiff has no capacity to sue does not raise a question relating to the merits of the controversy. * * * * "

In O'Brien v. Hessman, 16 Wis.2d 455, 114 N.W.2d 834 (1962), the early Wis-

consin law was expressly rejected. In that case a demurrer in a prior action was granted because "the allegations of fraud were mere conclusions and raised no issue. Accordingly, the complaint failed to state a cause of action." 16 Wis.2d at 457, 114 N.W.2d at 835. Twenty days to replead were granted, and when plaintiff failed to so replead "*a judgment* was entered dismissing the action *on its merits*." (Emphasis added.) *Id. Five years* later a new action was initiated in which the allegations of fraud were set forth in greater specificity. The Wisconsin Supreme Court held that res judicata was applicable:

> "However, the appellant argues that if the demurrer does not go to the merits then the subsequent judgment of dismissal is not *res judicata.* See Lewko v. Chas. A. Krause Milling Co., supra; Taylor v. Matteson (1893), 86 Wis. 113, 56 N.W. 829; Docter v. Furch (1890), 76 Wis. 153, 44 N.W. 648, [44 N.W.] 826. The appellant points out that the order in the 1952 action sustaining the demurrer to his complaint allowed him time to plead over. Thus, he argues, it is clear that the demurrer in the 1952 action did not go to the merits.

> "But the appellant did not plead over in the 1952 action. He permitted a *judgment on the merits* to be entered against him. A judgment on the merits may be entered without a trial. Angers v. Sabatinelli (1942), 239 Wis. 364, 1 N.W.2d 765.

> "We recognize that under similar facts courts in other jurisdictions have held that the failure to plead over and a subsequent judgment of dismissal do not foreclose the commencement of a new action. But other courts have held that the failure to plead over and a judgment of dismissal constitute a bar to a later action. The cases on each side are listed in Anno. 13 A.L.R. 1104, 1115–1120.

> "*Upon the facts of the instant case,* we hold that the judgment dismissing the 1952 complaint *on its merits,* en-

tered after the appellant failed to plead over, was *res judicata* and is a bar to this present action by the appellant." (Emphasis added.) 16 Wis.2d at 459, 114 N.W.2d at 836.

The most recent discussion by the Wisconsin Supreme Court of this area of law is to be found in A C Storage Co. v. Madison Moving & W. Corp., 38 Wis. 2d 15, 155 N.W.2d 567 (1968). In that case originally the plaintiff in a prior action had sued the defendant, Madison Moving & W. Corp., and another, Fox Head Brewing Company. Both defendants in that initial action demurred on two grounds: (1) no cause of action, and (2) improperly united causes of action. The trial court granted the demurrer without stating its reasons and gave plaintiff thirty days to replead. Plaintiff repleaded against Fox Head but not against Madison Moving. *One year* later plaintiff commenced a new action against Madison Moving. Madison Moving had an *order of dismissal* entered in the first action based on plaintiff's failure to replead and then asserted a defense of res judicata in the new action. The trial court refused to grant summary judgment "concluding the *order* dismissing the action in *O'Brien* was expressly stated to be 'on the merits.' The order of dismissal in the case at bar did not so state." (Emphasis added.) 38 Wis.2d at 20, 155 N.W.2d at 569.

The Wisconsin Supreme Court after quoting almost the entire opinion in *O'Brien* as a preface declined to follow the trial court's reasoning quoting extensively from two sister state rulings —Hacker v. Beck, 325 Mass. 594, 91 N. E.2d 832 (1950), and Christner v. Christner, 203 Okl. 581, 224 P.2d 594 (1950)—to the effect that a dismissal for failure to replead, after a demurrer to the complaint is sustained, should be treated as a dismissal on the merits and therefore have res judicata effect. The court then stated:

> "While the rule may be warranted where the complaint fails to state a cause of action, it is not where the de-

murrer is sustained on some ground which makes it impossible for the plaintiff to plead over in the same cause of action." 38 Wis.2d at 21, 155 N.W.2d at 570.

The court went on to decide that the demurrer in the prior action could only have been sustained on the improperly united cause of actions and, thus, that the plaintiff could not have amended "his complaint in any amount of time to properly bring the two actions in one. His only course at this point * * * [was] to strike one cause from his complaint and submit the remaining cause in the original action as an amended complaint, and then to take the stricken cause and bring a new action thereon." *Id.*

■ I conclude that *O'Brien* and *A C Storage* are conclusive in the instant matter. Plaintiff herein, as in *O'Brien*, failed to replead his cause of action when given the opportunity, and unlike the plaintiff in *A C Storage*, there was nothing that prohibited him from doing so.

■ Plaintiff suggests that *O'Brien* may be distinguished because in that case there was a "judgment" "upon the merits," while in this case there is only an order of dismissal without specific reference in the order to whether it was upon the merits. In reviewing other Wisconsin cases dealing with the res judicata effect of orders of dismissal entered after a demurrer, it is clear that the distinction between "order" and "judgment" is without import. Hooper v. Oshkosh, 192 Wis. 523, 213 N.W. 285 (1927); Lewko v. Chas. A. Krause Milling Co., 219 Wis. 6, 261 N.W. 672 (1935). Indeed, in *A C Storage,* as my earlier emphasis when quoting it indicates, the court in referring to the judgment in *O'Brien* labelled it an "order." Likewise, the lack of the words "on the merits" is irrelevant. What reflections or changes the trial judge in the earlier action would now like to make cannot be considered for res judicata purposes.

Rogers v. Hoenig, 46 Wis. 361, 1 N.W. 17 (1879); State ex rel. Kane v. Larrabee, 3 Pin. 166 (Wis.1851). Thus, I cannot consider the letter forwarded to this court by defendant and set out earlier in this opinion. *A C Storage* clearly indicates that the lack of such "magic" words will not affect the substantive meaning of the dismissal for res judicata purposes.

Nor can I conclude that *O'Brien* is to be read as simply a judicial rule against "stale claims." Compare Pautsch v. Clark Oil Co., 264 Wis. 207, 58 N.W.2d 638 (1953), and Geo. Walter Brewing Co. v. Henseleit, 146 Wis. 666, 132 N.W. 631 (1911) (giving res judicata effect to a dismissal for failure to prosecute for over five years) with State ex rel. Kane v. Larrabee, 3 Pin. 166 (Wis.1851) (refusing to give res judicata effect to a dismissal granted when plaintiff failed to appear when his case was scheduled for hearing). While *O'Brien* specifically limited its holding to the facts of that case, neither *O'Brien* nor *A C Storage* (which could have been distinguished from *O'Brien* on this ground) developed the fact that roughly five years elapsed between the dismissal of the first action and the commencement of the second action in *O'Brien*; and the discussion of authorities in both cases is devoid of any reference to *Pautsch, Geo. Walter Brewing Co.,* or *Kane,* or to the "stale claims" policy argument.

■ Albeit that *A C Storage* states that a demurrer is an improper remedy when the complaint suffers from vagueness, the law of res judicata does not turn on the propriety of the earlier decision. State v. Donohue, 11 Wis.2d 517, 105 N.W.2d 844 (1960). Accordingly, defendant's motion for summary judgment must be granted.

It is therefore ordered that the defendant's motion for summary judgment against plaintiff's complaint be and it ₒ hereby is granted.

It is further ordered that the clerk of court enter judgment dismissing the complaint in this action.