T. H. Teckenbrock, Appellant, v. Patrick McLaugh-
lin, Respondent.

### St. Louis Court of Appeals, April 19, 1887.

Witnesses—Competency of Wife.—The statute, which makes a mar-
ried woman competent to testify in her husband's behalf, as to
transactions in which she acted as his agent, applies to a case where
she acted as his agent prior to their marriage.

Appeal from the St. Louis Circuit Court, George
W. Lubke, Judge.

*Reversed and remanded.*

Lodge & Talty, for the appellant: The agency of
the wife, both before and after her marriage to the
plaintiff, was properly proved—that is, by evidence
other than her own. *Williams v. Williams*, 67 Mo.
661. See Starkie on Evidence [Sharswood's 9 Ed. 124],
where he says: "Where the party employed was the
actual agent, who transacted the business of the princi-
pal, he was competent on the score of necessity." And
he cites the cases of *Adams v. Davis* (3 Esp. C. 48), and
*Mathews v. Hayden* (2 Esp. C. 509). See, also, *Bean v.
Pearsoll* (12 Ala. 592), where the court said: "The ex-
ception in favor of agents rests upon the ground of ne-
cessity, from the inability, in most cases, of establishing
the facts, if the agent is excluded." *The Governor
v. Ghee*, 19 Ala. 199; *Gayle v. Bishop*, 14 Ala. 552.

A. M. Sullivan, and Rassieur & Tiffany, for the
respondent: As to facts happening before marriage, the
wife was not a competent witness, under the statute.
Rev. Stat., sect. 4014; *Chesley v. Chesley*, 54 Mo. 347;
*Scroggin v. Holland*, 16 Mo. 416; 1 Greenl. on Evid.,
sects. 334, 336, 340, 343.

THOMPSON, J., delivered the opinion of the court.

The sole question which arises upon this record is, whether a married woman, who, prior to her marriage, was employed by one, who subsequently became her husband, to act as his agent in respect of a particular transaction, but who did not act as his agent generally, she being now his wife, is a competent witness, in his behalf, to prove the transaction in which she thus acted as his agent—the fact of her having so acted as his agent being proved by another, and competent, witness. The statute (Rev. Stat., sect. 4014) recites that "no married woman shall be disqualified as a witness, in any civil suit or proceeding, prosecuted in the name of, or against, her husband, whether joined, or not, with her husband as a party, in the following cases, to-wit:  *  *  * in all matters of business transactions, when the transaction was had and conducted by such married woman as the agent of her husband." The circuit court followed the letter of the statute, and held that the fact of agency, which renders the married woman competent to testify, must be an agency subsisting while she is a married woman, and that it does not apply to a case where she was the agent of her husband prior to the marriage. This ruling drove the plaintiff to the necessity of taking a non-suit, with leave to move to set the same aside; and, having made his motion, and the same having been overruled, he prosecutes this appeal.

We take the view that the statute applies to a case where the married woman has acted as the agent of her husband, either before, or during, the coverture. In our view, the case is not to be determined by following the literal reading of the statute, but the reason and purpose of the statute are to be taken into consideration. The exception created by the statute is founded in a principle of necessity. If such evidence were not admitted, justice would, in many cases, fail for the want of it. Upon this principle, it was long held, before the

passage of statutes abrogating the disqualification of witnesses by reason of interest, that a witness who was so disqualified, but who had acted as the agent for a person in the transaction in controversy, ought to be allowed to testify, *ex necessitate rei*, in order to prevent a failure of justice. 1 Greenl. Evid., sect. 416 ; *Adams v. Davis*, 3 Esp. 48 ; *Matthews v. Haydon*, 2 Esp. 509 ; *Bean v. Pearsoll*, 12 Ala. 592 ; *The Governor v. Ghee*, 19 Ala. 199 ; *Gayle v. Bishop*, 14 Ala. 552. Upon the same principle, the rule of the common law, that neither the husband nor the wife was a competent witness for the other, had this well recognized exception, that the wife might testify in the husband's behalf, when employed as his agent in any given transaction ; and, by parity of reasoning, it has been held, by our supreme court, that the husband is a competent witness for his wife in respect of a matter in which he has acted for her as her agent. *Chesley v. Chesley*, 54 Mo. 347 ; *Quade v. Fisher*, 63 Mo. 325. The reason of the rule which creates this exception applies with just as much force where the wife acted as agent for the husband, or the husband for the wife, prior to the coverture, as where he, or she, so acted during the coverture. Public policy, in the one case, as in the other, requires that an exception to the general rule should exist, in order to prevent failures of justice.

We are, therefore, of the opinion that the learned judge of the circuit court took too narrow a view of the statute, and, Rombauer, J., concurring, the judgment will be reversed, and the cause remanded. Lewis, P. J., is absent.