E. R. DARLINGTON LUMBER COMPANY, Appellant, v. WESTLAKE CONSTRUCTION COMPANY et al., Respondents.

**St. Louis Court of Appeals, December 5, 1911.**

1. **APPELLATE PRACTICE:** Decisions from Other States: Duty of Courts. In reaching a conclusion as to rights predicated on a statute, decisions from other states are of little value, unless the language employed in the statutes of such other states is substantially identical with that of our own, and unless such decisions formulate a general rule applicable to all cases alike; and it is the duty of the courts to formulate such a rule wherever it may be done, so that parties affected may regulate their dealings accordingly, since no law which is not certain can be just.

2. **MECHANICS' LIENS:** Statute: Construction. While cases in other jurisdictions hold that those portions of the mechanic's lien law on which the right to a lien depends should be strictly construed, as being in derogation of the common law, no such distinction is made by the cases in this state; and even if such a distinction properly existed it would be of paramount importance that all the provisions of the law should be reasonably construed, so as to give effect to its manifest object, in protecting both the contractor and the owner.

3. ————: Lienable Demands: Materials Consumed in Erection of Structure. Where certain material is provided for by the contract in the erection of a structure and is furnished and used accordingly, and is consumed, in whole or part, in such use, the materialman is entitled to a lien for such material, to the extent of the consumption of its reasonable value, regardless

of whether or not it formed a permanent part of the structure when completed; "consumption of value" meaning the depreciation of the market value of the material by the use provided for by the contract.

4. ———: ———: ———:. Facts Stated. Where a building contract called for specified lumber for the construction of forms for reinforced concrete columns, walls and partitions, and it was furnished and used as contemplated, and part of it became worthless after use and part greatly depreciated in value by such use, the materialman was entitled to a lien to the amount of the depreciation in the market value of such lumber, though it formed no part of the building when completed.

5. APPELLATE PRACTICE: Judgment not in Conformity to Facts: Disposition of Case. Where there is no controversy touching the facts, the judgment is a mere conclusion of law, and where it is not in conformity with the facts, the court on appeal must reverse it, unless the parties file a stipulation for its correction.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

REVERSED AND REMANDED.

*George V. Reynolds* for appellant.

The verdict of the jury in finding against plaintiff's right to a lien was rendered in disregard of the uncontradicted evidence. Hewitt v. Doherty, 25 Mo. App. 326; Hearn v. Keith, 63 Mo. 84; Hallan v. Railroad, 62 Mo. 480; Lionberger v. Pohlman, 16 Mo. App. 392; Ackley v. Stehlin, 56 Mo. 558.

*Virgil Rule, Claude O. Pearcy* and *E. E. Pearcy* for respondent, Westlake Construction Company.

(1) The verdict of the jury follows and is responsive to the first instruction of the court. (2) The appellant is not entitled to a lien under the uncontradicted evidence. Simmons v. Carrier, 60 Mo. 581; Fitzpatrick v. Thomas, 61 Mo. 512; Schulenberg v. Home Institute, 65 Mo. 295; Lumber Co. v. Cravens, 54 Mo.

App. 216; Chemical Co. v. Railway; 59 Mo. App. 6; Kansas City v. Youmans, 213 Mo. 151. (3) The appellant not being entitled to a lien cannot complain if the jury did disregard the instruction number two. (4) The appellant not being entitled to a lien, the judgment is for the right party and will not be disturbed on appeal. Keane v. Llausman, 21 Mo. App. 485; Bank v. Leeper, 121 Mo. App. 688; Sec. 1850, R. S. Mo. 1909; Sec. 2082, R. S. Mo. 1909.

R. E. ROMBAUER, Special Judge.—This is an action to enforce a mechanic's lien. The petition charges that plaintiff, at the request of P. Lyons & Company, sub-contractors of the Westlake Construction Company, furnished lumber of the value of $727.35 for the construction of a certain building, known as No. 509 Washington avenue in the city of St. Louis, of which the Klein Cloak Company is the owner and in which the Davis Realty Company and the Leader Realty Company claim some interest. The petition avers full compliance by plaintiff with the requirements of the mechanics' lien statute, and prays for a general judgment against Lyons and Randolph, composing the firm of P. Lyons & Company, and a judgment of lien against the property benefited.

The defendants, Westlake Construction Company and Klein Cloak Company, filed general denials, the other defendants failed to answer. The cause was tried by a jury, who brought in a verdict in favor of plaintiff against P. Lyons & Company, and found that plaintiff was not entitled to a lien against the property sought to be charged. After an ineffectual effort to obtain a new trial, the plaintiff appealed to this court, and assigned for *sole* error that the jury's finding is in disregard of the court's instructions and the uncontradicted evidence.

The only question, therefore, presented on this appeal for our consideration is whether, under the

uncontradicted and unimpeached evidence and the instruction of the court, the jury erred in finding that the plaintiff was not entitled to a lien against the property.

Although both parties called witnesses, there was no substantial conflict in the evidence. The testimony as contained in appellant's and respondents' statement is almost identical, and is as follows:

The lumber was furnished by the plaintiff to be used in the construction of certain alterations in the building sought to be charged with the lien. It was to be used in constructing forms for reinforced concrete columns and reinforced concrete walls and partitions. The forms were erected first, and the concrete was then poured into them and left to harden for a period lasting from a week to three weeks. Without the use of forms, the use of concrete would have been impossible. The specifications prescribed how, and of what material, these forms were to be constructed. The plaintiff sawed the lumber to the necessary dimensions and forms, and the defendant subcontractor put them together on the ground. No part of the lumber thus furnished remained permanently in the structure, but after it had performed its office, it was removed, and, as far as the evidence shows, remained in possession of the subcontractor. The testimony further showed that that part of the lumber used for forms around the columns became practically unfit for further use, but that about seventy-five per cent of the lumber used for forms along the straight walls and partitions could be used for other purposes, if carefully removed; that all the lumber used for forms was impregnated with cement while in a fluid state, which necessarily impaired its market value.

The case has been ably presented on both sides, and the industry of counsel has collected a vast array of authorities, dealing with the propositions involved.

We may state at the outset that decisions from other states are of little value in reaching a conclusion, unless the language employed in the statutes of such other states is substantially identical with our own, and unless such decisions formulate a general rule applicable to all cases alike. We consider it the duty of the courts to formulate such a general rule, whatever it may be, in all cases where it may be done, so that parties affected may regulate their dealings accordingly. No law which is not certain can be just.

It was at one time held by the courts of this state, that in order to entitle a materialman to a lien against a structure, he must show that the materials entered into its construction. [Simmons et al. v. Carrier et al., 60 Mo. 581; Schulenburg v. Prairie Home Institute, 65 Mo. 295; Knapp et al. v. Railway Co., 6 Mo. App. 205.] It must be noted, however, that while these cases decide that the materials must enter into the construction of the building, they do not decide that they must form permanent parts thereof. In the case of Andrews v. St. Louis Tunnel R. R. Co., 16 Mo. App. 1. c. 303, the rule stated in Knapp et al. v. Railway Co., supra, was disapproved. The items objected to in the Andrews case were the removal of houses, sewer, water and gas pipes, on the line of a proposed tunnel, which work was specifically provided for in the contract, and this court ruled that the weight of authority was decidedly in favor of a lien for that class of work, although it formed no part of the structure when completed. In Rapaune Chemical Company v. Railway Company, 59 Mo. App. 6, where a lien was sought to be enforced for giant powder used in blasting, which became necessary to provide for the erection of a structure, this court ruled that the item was lienable, and in doing so said: "In order to maintain a lien for materials furnished it is not necessary in all cases that such materials should actually have gone into the structure and formed part

thereof. It is sufficient, if their use was necessary and they were in fact used or consumed in the improvement.'' There is nothing in subsequent decisions of the Supreme Court or of this court which militates against this doctrine, and it is in harmony with decisions in other jurisdictions, decided by courts of high standing. In Avery et al. v. Cunningham et al., 137 S. W. 1088, decided by the Court of Appeals of Kentucky June 13, 1911, casing for reinforced concrete work was held to be a lienable item, and in Stewart Lumber Company v. Marathon Paper Mills Company, 130 N. W. 866, decided by the Supreme Court of Wisconsin April 5, 1911, lumber and hardware furnished for the construction of a temporary cofferdam, the erection of which was necessary for the erection of the permanent dam, were held to be lienable items. It must be noted however that in both of these cases, the materials decided to be lienable were substantially wholly consumed, or made use of by the owner in the completion of the structure, on which fact stress is laid in both opinions, while, in the case at bar, the materials were only partly consumed in value.

We have not overlooked the fact that a number of cases in other jurisdictions, referred to by counsel for respondents, hold that while all remedial portions of the mechanics' lien law should be liberally construed, those on which the right to a lien depends, being in derogation of the common law, should be strictly construed. No such distinction is made by the cases in this state. It is evident, however, that even if such distinction properly exists, it is of paramount importance that all provisions of the law must be reasonably construed, so as to give effect to the manifest object of the statute, in protecting both the contractor and owner.

Duly considering all of the foregoing, we are prepared to lay down the following rule on the subject of mechanics' liens, as far as they affect the lien-

able rights of material men under the provisions of our statute on the subject:

Where certain material is provided for by the contract in erection of a structure and is furnished and used accordingly, and is either in whole or in part consumed in its use, the materialman is entitled to a lien for the material thus consumed in the erection of the structure, to the extent of the consumption of its reasonable value, regardless of the fact whether or not such material formed a permanent part of the structure when completed. Consumption of value means the depreciation in the market value of the material by the use provided for by the contract.

All the testimony in this case concedes that part of the material furnished by the plaintiff for the forms of reinforced concrete work became substantially worthless after being used for the purpose aforesaid, and that other parts greatly depreciated in value, caused by such use. To that extent, the values were necessarily consumed and became lienable items.

It is the settled rule of appellate procedure in this state, that when there is no controversy touching the facts, the judgment is a mere conclusion of law, and if it is not in conformity with the facts thus shown, is bound to be reversed. [Hewitt v. Doherty, 25 Mo. App. 526; Hearn v. Keith, 63 Mo. 34.] Following the established practice, we are bound to reverse the judgment, and it is so ordered. Since there is no substantial controversy about the facts, and the amount in controversy is small, the parties may within a week file a stipulation in this court agreeing to the amount for which plaintiff is entitled to a lien, under the law herein above stated, and thus avoid the expense of further proceedings. In case they fail to do so, the case will be remanded for new trial. Judges *Nortoni* and *Caulfield* concur. *Reynolds, P. J.,* having been of counsel, not sitting.