(December 21, 1912.)

W. G. NINNEMAN and A. C. NINNEMAN, Copartners, Doing Business Under the Firm Name and Style of NINNEMAN HARDWARE CO., Respondents, v. CITY OF LEWISTON, a Municipal Corporation, Appellant.

[129 Pac. 1073.]

MECHANIC'S LIEN LAW—LIEN FOR TOOLS AND APPLIANCES.

(Syllabus by the court.)

1. *Chamberlain v. City of Lewiston et al.*, followed.

2. A lien cannot be had under the mechanic's lien laws of this state for tools and appliances which are the property of the contractors or laborers and that are not necessarily consumed in the specific work, but which may be used from time to time in other works and upon other contracts.

APPEAL from the District Court of the Second Judicial District for Nez Perce County. Hon. E. C. Steele, Judge.

Action for foreclosure of mechanic's lien. Judgment for the plaintiffs and defendant appealed. *Affirmed.*

Fred E. Butler, for Appellant, files same brief as in *Chamberlain v. City of Lewiston, ante,* p. 154.

Eugene A. Cox, James E. Babb, and McNamee & Harn, for Respondents.

The liens sufficiently describe the premises. (*Hotaling v. Cronise,* 2 Cal. 60; *Tibbetts v. Moore,* 23 Cal. 208; *Fredinnick v. Red Cloud etc. Co.,* 72 Cal. 78, 13 Pac. 152; *Emerson v. Gainey,* 26 Fla. 133, 7 So. 526; *Durling v. Gould,* 83 Me. 134, 21 Atl. 833; *Parker v. Bell,* 7 Gray (Mass.) 429; *Ford v. Springer Land Assn.,* 8 N. M. 37, 41 Pac. 541.)

The lien may be sufficient as to the waterworks plant, though not as to the land. (*Kezartee v. Marks,* 15 Or. 529, 16 Pac. 407; *Harker v. Conrad,* 12 Serg. & R. (Pa.) 301, 14 Am. Dec. 691; *McClintock v. Rush,* 63 Pa. 203.)

The claimant is not required, before filing his claim, to make an accurate survey of the lot upon which the building stands, at the risk of losing his lien if he makes a slight mistake in giving its boundaries; nor is he even required to give the boundaries of the lot. (Phillips on Mechanics' Liens, sec. 379; *Williamette Steam Mills Co. v. Kremer*, 94 Cal. 205, 29 Pac. 633.)

Where the property is generally known and designated by a definite name, or is monumental in character, and easily distinguishable from others of like kind, and not to be confounded with others in the same place, an imperfect description by metes and bounds, or by monuments, is generally upheld by the courts as being sufficient for identification. (Bloom on Mechanics' Liens, sec. 404, p. 354; *Phillips v. Salmon River etc. Co.*, 9 Ida. 149, 72 Pac. 886.)

A repeal by implication occurs only when statutes are so clearly conflicting that the court cannot give effect to the provisions of both, and one or the other must of necessity fall. (*Bates v. Santa Barbara County*, 90 Cal. 543, 27 Pac. 438; *French v. Powell*, 135 Cal. 636, 68 Pac. 92.)

The liens of Ninneman raise the question of the validity of liens for materials consumed in necessary preparatory work. The identical question involved in the Ninneman case has been decided in *Barker etc. Co. v. Marathon etc. Co.*, 146 Wis. 12, 130 N. W. 866, 36 L. R. A., N. S., 875.

The entire list of articles classified as tools and equipment consists partially of materials and partially of simple appliances which might well have been consumed in use on this particular job. Some of them were lost in the river, some actually consumed in use, and the balance are in the city's tool-house. (*Naylor & Norlin v. Lewiston etc.*, 14 Ida. 722, 95 Pac. 827.)

The three recent cases of *Avery & Sons v. Woodruff & Cahill*, 144 Ky. 227, 137 S. W. 1088, *Darlington Lumber Co. v. Westlake Construction Co.*, 161 Mo. App. 723, 141 S. W. 931, and *Barker etc. Co. v. Marathon etc. Co., supra,* "are about the last words on this peculiar phase of the mechanic's lien

law, and are based upon a sound distinction which has always existed and whose observation progress now makes desirable."

AILSHIE, J.—This case is controlled in its principles of law by the decision just announced in *Chamberlain et al. v. City of Lewiston, ante,* p. 154, 129 Pac. 1069. It will be necessary, however, for the judgment to be modified in this case so as to eliminate therefrom the value of tools and appliances which did not go into or become a part of the work or improvement, and were not used or consumed in or about the work. A lien cannot be allowed for tools and appliances which are the property of the contractors and may be used from time to time in other works and upon other contracts, and which are not consumed in the work or which do not go as a part of the building or improvement and necessarily enter therein. (*Darlington Lumber Co. v. Westlake Construction Co.,* 161 Mo. App. 723, 141 S. W. 931; Boisot, Mechanics' Liens, sec. 123; Rockel, Mechanics' Liens, sec. 18.)

The district court will therefore be ordered and directed to enter a modified decree, deducting from the original decree the amount included therein for such tools and appliances. Judgment ordered modified and affirmed accordingly. Costs awarded in favor of respondents.

Stewart, C. J., and Sullivan, J., concur.