MORITZ vs. SANDS LUMBER COMPANY, Respondent, and others, imp., Appellants.[1]

*April 10—May 1, 1914.*

*Liens: Materials furnished "for or in or about" the erection of a building: Lumber used for shoring in concrete structure.*

Lumber used for shoring in the construction of a concrete building was material furnished "for or in or about" the erection of such building, within the meaning of sec. 3314, Stats., where about three fourths of it was practically consumed or destroyed by such use and the remaining fourth was much depreciated in value, although none of it remained in or became part of the completed structure; and the subcontractor who furnished such lumber was entitled to a lien for the whole amount of the consumption thereof, *i. e.* for the value of the three fourths wholly consumed and the amount of the depreciation of the other fourth. *Barker & Stewart L. Co. v. Marathon P. M. Co.* 146 Wis. 12, followed; *Rinzel v. Stumpf,* 116 Wis. 287, distinguished.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

This action was brought to foreclose a mechanic's lien.

---

[1] This case was not printed in its regular order in 157 Wis. because of the pendency of a motion for rehearing, which was afterwards abandoned.

The respondent, *Sands Lumber Company,* furnished certain lumber to the contractor, who was engaged in building a re-inforced concrete building on the land of appellants. The lumber was used for what is known in the trade as shoring; that is, wooden forms are constructed into which the concrete is poured and in which it remains until it has set, when the shoring is removed. The shoring is often used several times in constructing the same building.

The case was sent to a referee, who made his report and findings, and his findings were substantially adopted by the court on the facts material here. The question involved is whether the *Sands Lumber Company* was entitled to a lien for the shoring furnished or any part thereof.

The court made findings at great length covering all the issues in the case between the different parties. We shall refer only to those material and attacked upon this appeal, namely:

"That the defendant *Sands Lumber Company,* at the request of the Lewis Construction Company, furnished lumber which was used in the construction of the building in question in the manner and to the extent hereinafter more particularly found; that said lumber was furnished on or between the 1st day of September, 1910, and the 7th day of October, 1910, and was of the value, at customary and reasonable rates, of $1,021.23; that on the 19th day of November, 1910, the Lewis Construction Company paid $300 on account of last named sum, leaving a balance of $721.23 due and unpaid from said Lewis Construction Company, together with interest thereon from said 10th day of November, 1910.

"That the lumber furnished by the *Sands Lumber Company* was used in the construction of false-work or forms into which the concrete was poured, which constituted the walls of the said building; that the said lumber was thus used three or four times in the construction of this building, and that after it was thus used, about seventy-five per cent. of all the lumber could not be used again but became mere kindling and was of practically no value; that the remaining twenty-five per cent. of said lumber was fairly good, but full of holes,

and could be and was actually, in part, used again in other concrete work, on other buildings not belonging to the defendants *Fleck,* but that said twenty-five per cent. of said lumber was second-hand lumber and worth about ten dollars ($10) per thousand.

"That the seventy-five per cent. of the lumber furnished by said *Sands Lumber Company* which, as heretofore found, could not be used again, was actually consumed in the erection and construction of the building in question and has entered into and formed part of such completed structure; that the twenty-five per cent. of the lumber furnished by this defendant, which became second-hand lumber, was not entirely consumed in its use in or about the erection or construction of said building, but was in part a tool or appliance; that said twenty-five per cent. has been by its use in said building diminished in value to the extent of $133.14, for which sum in addition to the sum of $465.92, balance due upon the seventy-five per cent. above mentioned, the defendant *Sands Lumber Company* is also entitled to lien, making a total of $599.06, with interest as aforesaid."

The court found the amount due the respondent, *Sands Lumber Company,* in accordance with the above findings, and ordered judgment therefor and a lien on the premises. Judgment was entered accordingly, from which this appeal was taken by the appellants, *Theodore Fleck* and *Otto Fleck,* owners of the premises.

The cause was submitted for the appellants on the briefs of *Otjen & Otjen,* and for the respondent on that of *Lorenz & Lorenz.*

KERWIN, J. It is contended by appellants that the *Sands Lumber Company* acquired no lien for any of the lumber used in shoring, because it did not become a part of the structure, and further that the findings to the effect that seventy-five per cent. of the lumber was consumed in the construction of the building, and that twenty-five per cent. was depreciated in value as specified in the finding, are not supported by the evidence. A careful examination of the evi-

dence convinces that the findings are well supported by the evidence. The question whether the *Sands Lumber Company* was entitled to a lien upon the established facts is a more delicate question. In a case recently decided by this court, *Barker & Stewart L. Co. v. Marathon P. M. Co.* 146 Wis. 12, 130 N. W. 866, it was held that where lumber was furnished and used in a cofferdam, which dam was no part of the building, but was afterwards torn or blown out and the lumber thereby became destroyed, or practically so, the materialman furnishing the lumber was entitled to a lien upon the structure though no part of the lumber became a part of it. It appeared that the cofferdam was a structure built in order to facilitate the construction of a concrete dam on the premises to furnish water power to operate the mill in process of construction on the premises. The cofferdam was a temporary affair and became useless after construction of the permanent or concrete dam.

While the right to a mechanic's lien must be found in the statute, this court has held that the statute must be liberally construed with a view of carrying out its intention and remedial purpose. The statute gives a lien for materials furnished "for or in or about" the erection of the structure, and the question here is whether the shoring used in the reinforced concrete building was furnished for, in, or about the building. There is no question here but that the material was furnished and delivered to be used in the building and was in fact used for shoring, but did not remain in the building after the concrete had become set, and twenty-five per cent. of it was removed and used for other purposes, though considerably depreciated in value by use in appellants' building. Seventy-five per cent., as the court found, was practically consumed or destroyed by use.

This case is very similar in principle to *Barker & Stewart L. Co. v. Marathon P. M. Co.* 146 Wis. 12, 130 N. W. 866. There the lumber did not remain in the structure, but was

practically destroyed in the use.   Here the lumber was ac-
tually used in the construction by supporting the concrete
until it hardened and was self-supporting, and then was re-
moved.   It was thus used several times in the construction,
and after the building was finished had become so damaged
that seventy-five per cent. of it was practically destroyed and
of no value except for kindling wood, as the evidence shows
and the court found.

It has been held that mechanics' liens may be allowed for
the value of explosives used in preparing the ground for the
building of the structure, upon the principle that where the
material is used directly upon the structure, instrumental in
producing the final result, and actually consumed in use, it
may be said to form a part of the structure.   See cases cited
in *Barker & Stewart L. Co. v. Marathon P. M. Co.* 146 Wis.
12 (130 N. W. 866), at page 22.   The logic of these de-
cisions is, as said by this court in the *Barker Case,* that the
material is consumed necessarily in the process of construct-
ing the building and that its life has gone into the fabric of
the structure.   This necessarily is peculiarly applicable to
the instant case.   The shoring had physical contact with the
building in its construction.   It added to the value of the
completed structure, and its life and substance had in effect
gone into the structure to the extent, at least, that the ma-
terial was consumed.   We think it clear, therefore, that the
*Sands Lumber Company,* furnisher of the material, had a
lien for the seventy-five per cent. of the lumber consumed.

Nor do we see any solid reason for denying a lien for the
amount of depreciation of the remaining twenty-five per cent.
of the lumber used for shoring.   This lumber was likewise
used in the construction of the building, but in such use was
not wholly consumed, but was consumed or destroyed to the
extent found by the court below, and for which amount of
destruction or consumption a lien was awarded.   Thus the
whole amount of consumption of the lumber used in the con-

struction of the building was held lienable. This ruling is,
we think, in harmony with *Barker & Stewart L. Co. v. Mara-
thon P. M. Co., supra,* and late cases in other jurisdictions.
*Avery & Sons v. Woodruff & Cahill,* 144 Ky. 227, 137 S. W.
1088; *Darlington L. Co. v. Westlake C. Co.* 161 Mo. App.
723, 141 S. W. 931; *Chicago L. Co. v. Douglas,* 89 Kan. 308,
131 Pac. 563.

In *Avery & Sons v. Woodruff & Cahill, supra,* it was held
that the materialman had a lien for lumber furnished for
shoring in the construction of a concrete building where the
lumber was in greater part consumed in the building, and
the case of *United States F. & G. Co. v. Probst,* 30 Ky. Law
Rep. 63, is distinguished.

*Darlington L. Co. v. Westlake C. Co.* 161 Mo. App. 723,
141 S. W. 931, holds that where the material is consumed in
whole or in part the claim is lienable. This was a case of
lien for shoring used in the construction of a concrete build-
ing.

True, there are cases holding that no lien exists for lum-
ber used to make molds for concrete work; as, for example,
*Rittenhouse & Embree Co. v. F. E. Brown & Co.* 254 Ill.
549, 98 N. E. 971. But it will be seen the lumber was not
destroyed or consumed in that case, but was taken away and
used again. In the case of *Kennedy v. Comm.* 182 Mass.
480, 65 N. E. 828, the lumber was not consumed, but was
moved away and used on other jobs.

It is further insisted by appellants that since the lumber
was not totally destroyed no lien can be had for any part, be-
cause the statute does not cover a case of partial destruction
or consumption, and that the lienable and nonlienable por-
tions of the lumber cannot be distinguished. No reason is
perceived why a lien cannot be had to the extent that the lum-
ber has been consumed, although a part was saved. The case
of *Darlington L. Co. v. Westlake C. Co., supra,* is in point

upon this proposition.  There the lumber was consumed in part only, and the court said:

"Where certain material is provided for by the contract in the erection of a structure and is furnished and used accordingly, and is either in whole or in part consumed in its use, the materialman is entitled to a lien for the material thus consumed in the erection of the structure, to the extent of the consumption of its reasonable value, regardless of the fact whether or not such material formed a permanent part of the structure when completed.  Consumption of value means the depreciation in the market value of the material by the use provided for by the contract."

There is no question here of the inseparable, indistinguishable lienable and nonlienable articles.  The case does not come within the decisions cited by the appellants, namely, *Allen v. Elwert,* 29 Oreg. 428, 44 Pac. 823, 48 Pac. 54, and *Rinzel v. Stumpf,* 116 Wis. 287, 93 N. W. 36, where from the contract and articles delivered the value of the lienable and nonlienable articles could not be ascertained.  In the *Rinzel Case* the lien claim represented a stipulated lump contract price, and the articles consisted of fixtures which were lienable and others which were nonlienable.  So it will be seen that that case, as well as *Allen v. Elwert, supra,* is clearly distinguishable from the instant case.  In the case at bar all the lumber was lienable, therefore the materialman was entitled to a lien for the value of such part of the lumber as was consumed.  *Horn v. Clark H. Co.* 54 Colo. 522, 131 Pac. 405.  We are of opinion that the judgment of the court below is right and should be affirmed.

*By the Court.*—The judgment is affirmed.