Cohn & Goldberg v. Construction Co.

COHN & GOLDBERG *v.* WALKER CONST. CO. *et al.*

(*Nashville.* December Term, 1914.)

RAILROADS. Mechanics' liens. Statutory provisions. 'Materials."
One furnishing lumber to a subcontractor for the erection of concrete culverts for use in making molds for the concrete culverts as specified in the contract, furnishes "materials" used in building the culverts, within Shannon's Code, sec. 3580, giving a lien on a railroad and its franchises and property for the value of material furnished in the building of its road and culverts, where the lumber was practically consumed in the work.

Cases cited and approved: Barker & S. Lumber Co. v. Marathon Paper Mills, 146 Wis., 12; Moritz v. Lewis Construction Co., 158 Wis., 49; Avery & Sons v. Woodruff & Cahill, 144 Ky., 227; E. R. Darlington Lumber Co. v. Westlake Construction Co., 161 Mo. App., 723; Chicago Lumber Co. v. Douglas, 89 Kan., 308; Chamberlain v. Lewiston, 23 Idaho, 154; Empire State Surety Co. v. Des Moines, 152 Iowa, 552.

Code cited and construed: Sec. 3580 (S.).

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County.—JOHN ALLISON, Chancellor.

HENDERSON & HENDERSON, and F. M. BASS, for appellants.

NATHAN COHN, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The bill in the present case was filed to recover of the defendant Walker Construction Company on an account for lumber used in the construction work of the Lewisberg & Northern Railroad Company for the sum of about $1,500; also for the purpose of having a lien declared on the line of railway for the amount claimed. The chancellor rendered judgment, as asked, for the sum of $1,546.37, with interest, in all $1,706.16, and declared the lien as prayed.

From this judgment the railway company and two other defendants, viz., T. Towles & Co. and Walton-McDowell Construction Company, prayed and obtained an appeal to this court.

The last two mentioned defendants have no real interest in the main controversy, and need not be further noticed.

The main question is whether the lien was properly declared upon the line of the railway company.

We are of opinion that the chancellor reached the correct conclusion.

The Walker Construction Company was a contractor employed by the principal contractors for the erection of certain concrete culverts. The specifications furnished them required that they should use the kind of lumber which was used to make forms or moulds for building the concrete culverts contracted for on the line of the railway company. These lumber forms or

molds were absolutely necessary to the building of these culverts, since without their support the soft concrete could never acquire consistency or cohesion. Hence the lumber out of which these forms were constructed was absolutely necessary. This lumber was practically consumed in building the culverts. After this use it became valueless as lumber, and was available for no other purpose than fire-wood. It might be used twice and possibly a portion of it three times, but by the time the third use had ended, it was destroyed to the extent just stated.

The concrete culverts were all of different sizes and it was necessary to cut the lumber into different lengths for each new culvert. Hence it was necessary to take the forms apart each time. In taking them apart the lumber, of the kind used, was necessarily broken and split, so that much of it could not be used the second time. This process was repeated a second time, making it necessary to add new lumber, and at the third time there was very little of the original lumber remaining. So that by the third use the lumber was practically consumed in the work. It is true that some witnesses say that by the exercise of great care in taking the forms apart the lumber would not be consumed so raipdly, but other witnesses say that the time thus expended would more than consume the value of the lumber used. So it is we find that all the lumber was consumed in the construction of the work of the defendant railway company, covered by the con-

tract of the subcontractors. It also appears that it was furnished by complainants for this very use.

It is insisted in behalf of the railway company that the lumber should not be classed as material, but rather as tools, and reference is had to the fact that steel forms may be used, as shown by some of the witnesses introduced by the railway company. It is true that there are steel forms made for the purpose, but it was wholly impracticable to use them on the work under contract in the present case because of the differing sizes of the culverts and the necessity of having separate molds for each culvert, thus entailing a greatly disproportionate expense in case steel forms should be used. Besides, as we have stated, the specifications called for the lumber which the contractors made use of. It may be conceded that steel forms would be mere tools, but it would not necessarily follow that lumber forms destroyed in the use, in the manner stated, would likewise be tools.

The question involved in the present case has been so fully considered in several very recent opinions that we do not feel it necessary to go into the matter at length. These cases are *Barker & S. Lumber Co.* v. *Marathon Paper Mills,* 146 Wis., 12, 130 N. W., 866, 36 L. R. A. (N. S.), 876; *Moritz* v. *Lewis Construction Co.,* 158 Wis., 49, 146 N. W., 1120, 51 L. R. A. (N. S.), 1140; *Avery & Sons* v. *Woodruff & Cahill,* 144 Ky., 227, 137 S. W., 1088, 36 L. R. A. (N. S.), 866; *E. R. Darlington Lumber Co.* v. *Westlake Construction Co.,* 161 Mo. App., 723, 141 S. W., 931; *Chicago Lumber Co.* v. *Doug-*

*las*, 89 Kan., 308, 131 Pac., 563, 44 L. R. A. (N. S.),
843; *Chamberlain* v. *Lewiston*, 23 Idaho, 154, 129 Pac.,
1069; *Empire State Surety Co.* v. *Des Moines*, 152 Iowa,
552, 131 N. W., 870, 132 N. W., 837.

It is true that the lumber is not consumed immedi-
ately, as powder is in blasting, nor is it a part of the
structure in the same sense that lumber is that is built
into and remains a part of the building, yet, for all this,
lumber used, as shown in the present case, is consumed
as material necessary to the structure just as com-
pletely for all lumber purposes as if it were burned
in the using.

` The question is comparatively new, but we believe the
correct conclusion has been reached under statutes sim-
ilar to our own in the cases referred to.

Our statute upon the subject is found in section 3580
of Shannon's Code, which reads as follows:

"Every subcontractor, laborer, materialman, or
other person who performs any part of the work in
grading any railroad company's roadway, or who con-
structs or aids in the construction or repairs of its cul-
verts and bridges, or furnishes crossties or masonry
or bridge timbers for the same, which is used in the
building and construction of such railroad, its bridges
and culverts, or who lays or aids in the laying of its
track, building of its bridges, the erection of its depots,
platforms, wood or water stations, section houses, ma-
chine shops, or other buildings, or for the delivery of
material for any of these purposes, or for any engineer-
ing or superintendence, or who performs any valuable

service, manual or professional, by which any such railroad company receives a benefit, all and every such person or persons shall have a lien on such railroad, its franchises and property, for the value of such work and labor done or material furnished or services rendered as hereinbefore set out and specified, in as full and ample manner as is provided by law for persons contracting directly with such railroad company for any such work and labor done or for materials furnished."

Let the decree of the chancellor be affirmed.