Southern Surety Company, Appellant; vs. Hotchkiss
and others, imp., Respondents.

*November 15, 1924—March 10, 1925.*

*States: Contract to construct highways: Withheld balances due
contractor: Liability of surety: Lienable items.*

1. The lienability of claims arising for work performed or ma-
terials furnished to a contractor engaged in highway con-
struction is to be tested and determined upon the same standard
as similar claims would be under the general mechanic's lien
law. *Southern Surety Co. v. Metropolitan Sewerage Comm.,
ante*, p. 206.   p. 229.
2. Items not allowable under either sec. 3327a or sec. 3347dd,
Stats. (pp. 229–231):
    (a) Charges for harness accessories and repairing.
    (b) Charges for blacksmith's services for horseshoeing,
and repairing tools and outfit.
    (c) Charges for veterinarian's services.
    (d) Charges for feed, hay, and oats.
    (e) Charges for groceries, milk, eggs, and supplies fur-
nished the boarding camp which was maintained for em-
ployees.
    (f) Claims for oil and gasoline furnished subcontractor.
    (g) Purchase price of machinery and tools, and charges for
repairs.
    (h) Claims for firewood furnished camp.
    (i) Automobile hire, no showing being made as to its kind
or necessity.

Appeal from a judgment of the circuit court for Eau
Claire county: James Wickham, Circuit Judge. *Reversed
and modified.*

The plaintiff, a surety company, gave the bond required
under sec. 3327a, Stats., for performance by the firm of
Lowe Brothers, as contractors under three certain contracts
for highway construction and improvements in Eau Claire
county, with the state of Wisconsin through the state high-
way commission in April and June, 1922. The work was
carried by said contractors until December, 1922, and in
March, 1923, they gave formal notice of inability to pro-

ceed, and plaintiff as surety, upon notice, completed the work by reletting.

At the time of the default many claims were outstanding against Lowe Brothers, and a fund was then retained by the highway commission and an additional sum accrued by reason of the completion of the work.

This action was started by plaintiff as surety to have adjusted questions of its liability and a proper distribution made of the funds remaining in the hands of the state. Two separate judgments were entered here in March and May, 1924, disposing of the many issues presented upon the several claims.

From the allowance of certain of such claims plaintiff has appealed.

*Joseph E. Tierney* of Milwaukee, for the appellant.

For the respondents there were briefs by *J. C. Gilbertson* of Eau Claire and *J. C. Ticknor* of Menomonie, attorneys for *Alfred Anderson* and others, and *V. G. Gilbertson* of Madison, of counsel; *John B. Fleming* and *A. H. Shoemaker*, both of Eau Claire, for the *Eau Claire Coffee Company* and others; *F. M. White* of River Falls and *E. S. Pattison* of Durand, for *Andrew Nussberger* and others; *Bundy, Beach & Holland* of Eau Claire, for the *Wisconsin Milling Company;* *Roy P. Wilcox* of Eau Claire, for the *Standard Oil Company;* and the cause was argued orally by *Mr. Gilbertson* and *Mr. Pattison.*

The following opinion was filed January 13, 1925:

Eschweiler, J. This appeal involves the same questions as to the construction to be given to secs. 3327*a* and 3347*dd*, Stats., that were presented and determined in the case decided herewith of the same plaintiff against the Metropolitan Sewerage Commission (*ante,* p. 206, 201 N. W. 890, 204 N. W. 476), and what was there said must suffice for this case without repetition.

With the holding so now made, viz. that the right, so far as the lienability of claims is concerned, is to be tested and determined upon the same standard as similar claims would be under the general mechanic's lien law, secs. 3314, 3315, Stats., and contrary to the view of the trial court, we shall dispose of the several claims.

The following must be disallowed as not proper items or charges under either of the statutes: Ableidinger, of $75.55 for harness accessories and repairing; Nussberger, of $172.16; Kaiser, $10.50; George R. Laatsch, $19.95; Beardsley, $15.70, and Bonnell, $20, each, for blacksmith services for horseshoeing and repairing of tools and outfit; Will, $15.11, and Jacobs, $64, for veterinary services.

Also there must be disallowed, Wisconsin Milling Company, $930.81 for feed and oats (this included a small amount for flour furnished the camp, but which must be also disallowed) ; Lieffring, $325.55 for feed and bran; Behling, $166.18; McGee, $35.56; Anderson, $32.48, and Nichols, $343.12 for hay (included in this claim is milk, also disallowed) ; all of these items coming within what is said in the companion case as being in connection with the plant and tools of the contractor rather than the work itself. Claims of this nature were held proper liabilities of a surety on a bond given for public works under a somewhat similar statute in Minnesota in the recent case of *Hansen v. Remer* (Minn.) 200 N. W. 839, but only there because of the condition in the bond beyond that required by the statutes, liability being assumed under such extra-statute condition by the expression for "camp supplies, equipment, and equipment supplies."

For convenience and facility in doing the work the contractors maintained boarding camps for the employees near the work being done, and meat, groceries, milk, eggs, vegetables, other foods, and supplies were furnished for such camps, and claims for such were allowed in the court below.

We cannot, under the construction we feel bound to give these statutes, see any proper basis for their allowance. Though it is undoubtedly true that if the contractors had not boarded the men they would have been paid higher wages, default in which would have to be met by the surety, still we have here not such labor claims as would have been interposed by the laborers themselves and therefore clearly within the statutes, but claims by third persons against the contractors in their capacity as boarding-house keepers. We cannot see how such claims can be held within the statutes, any more than would be claims by boarding-house keepers who had furnished such board to the same employees but independent of the contractors. In so holding we are not unmindful of the case of *Brogan v. National S. Co.* 246 U. S. 257, 38 Sup. Ct. 250, reversing the same case in the court of appeals, 143 C. C. A. 99, 228 Fed. 577, L. R. A. 1917A, 336, and holding the claim for food and supplies there supplied to the contractor, dredging the St. Mary's river, Michigan, at a distance from any settlement and as a matter of necessity and under express contract to that effect with the unions furnishing the men, came within the bond there given. We think the facts here are not the same and that we are bound by our former decisions and present view of our statutes rather than by this federal decision.

This requires the disallowance of the following claims: Hovlid, $513.27; Larson, $167.81; Siefert, $1,051.13; Dieter, $5.25; Menomonie Grocer Company, $268.89; Eau Claire Coffee Company, $383.18; Nichols, $59.99 for milk; Kaatz, $34.24.

The Standard Oil Company's claim for $131.84 for oil and gasoline furnished a subcontractor must also be denied under what is said and the cases cited in the companion case.

The claim of the Bark River Bridge & Culvert Company of $103.05 was for road scrapers sold to the contractors, became a part of their plant, and must be disallowed.

The Menomonie Hardware Company was allowed $15 for tools, hammers, supplies, linseed oil, etc., which must be disallowed.

Disputed lumber claims: These are of Orlady Company for $366.67, and Kiser Lumber Company to the amount of $172.36, for lumber going into the construction of the camps and of a trap used for loading at a shale pit provided by the highway commission as a source of supply. Some of this lumber was removed subject to future use, and apparently all could be so taken down and with a value for future use. As to this, appellant contends that it should be held liable for but the depreciated value. This is correct under the holding in *Moritz v. Sands L. Co.* 158 Wis. 49, 53, 146 N. W. 1120; *Webb v. Freng,* 181 Wis. 39, 45, 194 N. W. 155. Included with these and subject to the same holding is part of the claim of Thomas Teegarden & Sons, particularly the item of $31.30 for lumber in the shale pit, and so much of another claim by that firm as was for lumber used in the camps.

The claim of Teegarden & Sons for firewood and supplies and supplies furnished the camps and of $9.30 for repairing of tools and equipment must be disallowed.

The claim of the Brack Auto Company of $4.10 was for automobile hire; no showing was made as to its kind or necessity, it was objected to, and the objection should have been sustained.

Newell Hardware Company claim of $18.43 for hardware; no showing is made by appellant as to why this item should not stand, and therefore its allowance is affirmed.

*By the Court.*—Judgment reversed, and cause remanded with directions to modify the judgment as herein indicated. Appellant to have one bill of costs here as against the claimants who interposed cross-complaints.

A motion for a rehearing was denied, with $25 costs, on March 10, 1925.