HUNTER MACHINERY COMPANY, Respondent, vs. SOUTH-
ERN SURETY COMPANY, imp., Appellant.

*March 8—June 20, 1927.*

*Highways: Construction bond broader than statute: Liability of
surety.*

1. A highway contractor's bond given pursuant to sub. 6, sec. 26,
   ch. 121, Hurd's Revised Statutes of Illinois for 1921, may be
   enforced according to its terms; and even if it is broader than
   the terms of the lien statutes, recovery may be had thereon,
   even though recovery could not be had under the lien statutes.
   p. 222.
2. The bond being conditioned on payment by the contractor of
   "all sums of money due for labor, material, apparatus, fix-
   tures, or machinery furnished to such contractor for the pur-
   pose of such construction or improvement," the surety on the
   bond was liable for the value of the machinery furnished the
   contractor under the conditional sales contract and which was
   later repossessed by the seller. p. 223.
3. Where the seller of the machinery, after failure of the con-
   tractor to make payment, repossessed it and offered it for sale
   at public auction, and, on failure of sale, reconditioned it and
   sold it at its highest market value and gave the contractor the
   full benefit of the market value received without any question
   of fraud or oppression, the contractor's surety could not com-
   plain that the action is brought for less than the full price of
   the machinery. p. 223.
[4. Whether the judgment might be sustained under the lien laws
   of Illinois not decided.] p. 224.

APPEAL from a judgment of the circuit court for Mil-
waukee county: E. T. FAIRCHILD, Circuit Judge. *Affirmed.*

This is an appeal from a judgment in favor of the plaint-
iff and against the defendants in the sum of $3,999.01. The
*Southern Surety Company* was the only contestant and the
only appellant.

This was an action brought by the plaintiff to recover for
the value of machinery furnished the defendant contractors,
a copartnership, having a contract to build a concrete high-
way known as Federal Aid Project 39 in Mount Carroll,
Illinois. The action was brought against the contractors and

the defendant *Surety Company,* which had given a bond on behalf of the contractors for the faithful performance of the contract and other conditions pursuant to the statutes of the state of Illinois. The case was tried before the court without a jury, and the court entered its findings of fact, to wit:

"I. That on the 15th day of November, 1922, and prior and subsequent thereto, the defendants Edward J. Vanderboom and Howard Vanderboom, together with C. C. Vanderboom, Bernard Johnston, and James Fogarty, were copartners in business as highway construction contractors under the firm name of C. C. Vanderboom & Sons, and as such copartners on said date made and entered into a contract in writing with the state of Illinois, acting through the Department of Public Works and Buildings, for the construction of a federal aid concrete highway in Mt. Carroll county, Illinois.

"II. That at the time of the execution of said contract the said defendant contractors and the defendant *Southern Surety Company* made, executed, and delivered to the state of Illinois their bond bearing date November 15, 1922, conditioned that the said contractors 'shall well and truly perform said work in accordance with the terms of said contract and with the plans, specifications, proposal, and bid, and shall pay all sums of money due for any labor, material, apparatus, fixtures, or machinery furnished to them for the purpose of such construction or improvement.'

"III. That for the purpose of the construction of such concrete road the defendant contractors necessarily required the use of certain apparatus, fixtures, and machinery, and to obtain the same from the plaintiff and as a basis of credit the contractors, acting through the defendant Edward J. Vanderboom, exhibited to the plaintiff through its president, Morton R. Hunter, a copy of said bond and particularly the provision thereof relating to the obligation of the contractors and the defendant *Southern Surety Company* to pay for all apparatus, fixtures, or machinery furnished to the contractors for the purpose of such construction, and in reliance thereon the plaintiff sold to the defendant contractors and delivered to them at Mt. Carroll, Illinois, for their use in the construction of such concrete road, certain machinery and repairs therefor as set forth in the complaint, all of which

was used by the contractors for the purpose and in the construction of said concrete road.

"IV. That the purchase price of said machinery and repairs was $6,616.40, of which the contractors paid $669.54, leaving due and unpaid at the time of the commencement of this action $5,946.86.

"V. That after the commencement of the action the plaintiff, with the consent of the contractors, repossessed itself of what remained of said machinery which was then located at Mt. Carroll, Illinois, and caused the same to be put in condition to be removed and removed the same to a near-by convenient place where the same could be offered for sale at public sale, and thereafter, after due notice and in the manner provided by law, caused all of such remaining machinery to be offered for sale at public sale, and, there being no other bidders, plaintiff bid in the same for the sum of $1,400. Thereafter the plaintiff caused all of said remaining machinery to be removed to Milwaukee and to be reconditioned for resale, and has since sold the same and realized therefrom over and above the cost of reclaiming and reconditioning the same for resale the sum of $2,621.37, excepting that one half of the pump in question has not yet been sold; but after allowing for the cost of reconditioning and crediting its full market value when so reconditioned and sold the figure named will be the net result.

"VI. That at the time the plaintiff came into possession of said machinery at Mt. Carroll, Illinois, it had been greatly depreciated by the use which the contractors had made of it in the course of the construction of such concrete highway, and was then of the reasonable value of $3,100, and had been thereby depreciated to the amount of the difference between the sale price of $6,616.40 and $3,100, or $3,516.40.

"VII. That the plaintiff realized upon the resale of said machinery the gross selling price of $4,200, and expended in the reclamation and reconditioning of said property $1,578.63, leaving a net recovery upon such resale of $2,621.37, which latter sum deducted from the balance of $5,946.86 of principal owing from the contractors to the plaintiff at the time the action was commenced leaves an unpaid balance of $3,325.49, exclusive of interest."

No exceptions were taken to the findings of fact.

*Joseph E. Tierney* of Milwaukee, for the appellant.

For the respondent there was a brief by *Edgar L. Wood,* and oral argument by *Mr. John C. Warner* and *Mr. Wood,* both of Milwaukee.

The following opinion was filed April 5, 1927:

CROWNHART, J.    Sec. 23, ch. 82, Smith-Hurd Revised Statutes of Illinois for 1923, reads as follows:

"Any person who shall furnish material, apparatus, fixtures, machinery, or labor to any contractor . . . for public improvement . . . in this state, shall have a lien on the money, bonds or warrants due or to become due such contractor" for such improvement.

The bond was given pursuant to sub. 6, sec. 26, ch. 121, Hurd's Revised Statutes of Illinois for 1921, which reads as follows:

"Each contractor, before entering into a contract for such construction or improvement, shall execute a bond in the form prescribed by the commission, in the penal sum of not less than one third of the amount of the contract, with sufficient sureties to be approved by the commission, conditioned that he will perform the work in accordance with the . . . plans and specifications, and that he will commence and complete the work within the time prescribed by the contract. Such bond shall also provide against any direct or indirect damages that may be suffered or claimed on account of such construction or improvement during the time thereof, and until the highway is accepted: Provided, that one third of the total amount of such bond shall also be conditioned upon the payment by the contractors of all sums of money due for any labor, material, apparatus, fixtures, or machinery furnished to such contractor for the purpose of such construction or improvement.   One third of the total amount of such bond shall inure to the benefit of any person to whom any money may be due for any such labor, material, apparatus, fixtures or machinery so furnished, and suit may be maintained on such bond by any such person for the recovery of any such money."

The respondent sold the machinery in question to the defendant contractors on a conditional sales contract for the purpose of being used by the contractors in the performance of their contract, and it was so used.  The contractors performed their contract, but became insolvent and left the machinery at various points along the project where it had been used.  They failed to pay for the machinery, and the respondent, with the contractors' consent, repossessed the machinery and removed it to Milwaukee, where it was reconditioned and most of it sold at the highest market value. One piece of machinery was still being held by the respondent at the time of the trial.  The trial court found the depreciated value of the machinery resulting from its use on the highway project, and gave the respondent judgment for such depreciated value.  The appellant assigned as errors: The finding of the court that the respondent extended credit to the contractors based upon the bond in question; that the court erred in finding that the depreciated value of the machinery on the project was $3,516.40; and that the court erred in its conclusion of law that the appellant *Surety Company* was liable upon its bond to the extent of such depreciation.

It is the contention of the appellant that this action is based upon the lien laws of Illinois, and it seeks to limit recovery based on its interpretation thereof.  On the other hand, the respondent contends that the bond was based upon a valid consideration and in compliance with the statutes of Illinois, and that the liability depends upon the terms of the bond.

There is no doubt but that the bond can be enforced according to its terms, and that if the bond is broader than the terms of the lien statutes recovery may be had thereon, even though recovery could not be had under the lien statutes.  *Building Cont. L. M. L. Ins. Co. v. Southern S. Co.* 185 Wis. 83, 200 N. W. 770; *Southern S. Co. v. Metropolitan S. Comm.* 187 Wis. 206, 201 N. W. 980, 204 N. W.

476; *Fidelity & D. Co. v. Milwaukee-Western F. Co.* 191 Wis. 499, 210 N. W. 713; and cases cited in the foregoing.

Here the bond provides that the contractors shall "pay all sums of money due for labor, material, apparatus, fixtures or machinery furnished to such contractor for the purpose of such construction or improvement." The findings of fact based upon undisputed evidence show that the machinery in question was furnished to the contractors for the purpose of the construction and improvement of the highway project.

"Such contracts are to be interpreted as are other contracts, with a view to ascertaining and giving effect to the true meaning and intention of the parties." *Joint School Dist. v. Bailey-Marsh Co.* 181 Wis. 202, 194 N. W. 171.

The bond here includes the machinery used by the contractors on the job, and the intention of the parties thereto cannot be in doubt. The contractors were about to construct a highway, which job required the use of the machinery purchased by them of the respondent for that purpose. The bond in express terms provided for the payment of such machinery.

The appellant cannot complain that the respondent did not bring its action for the full price of the machinery. The respondent sought to salvage the machinery and save whatever value it had. It first recaptured the machinery and offered it for sale at public auction. There were no bidders except the respondent. It then reconditioned the machinery and sold it at the highest market value, and gave the contractors the full benefit of the value realized. There is no question of fraud or oppression. Everything was done for the best interests of all the parties to the contract. The judgment is both legal and equitable. The lower court applied the principles frequently approved by this court in the case of lienable materials furnished in construction, whereby the salvaged property was credited against the value of the property furnished in the first instance. *Barker & Stewart*

*L. Co. v. Marathon P. M. Co.* 146 Wis. 12, 130 N. W. 866;
*Moritz v. Sands L. Co.* 158 Wis. 49, 146 N. W. 1120;
*Webb v. Freng,* 181 Wis. 39, 194 N. W. 155; *Southern S.
Co. v. Hotchkiss,* 187 Wis. 227, 201 N. W. 986.

Whether or not the judgment might be sustained under
the lien laws of Illinois is not decided.

*By the Court.*—The judgment of the circuit court is affirmed.

ESCHWEILER, J., dissents.

A motion for a rehearing was denied, with $25 costs, on
June 20, 1927.