Harnischfeger Sales Corporation, Appellant, vs. Kehrein Brothers, Inc., and another, Defendants: United States Fidelity & Guaranty Company, Respondent.

*October 11—November 9, 1938.*

226

*Irving P. Mehigan* of Milwaukee, for the appellant.

For the respondent there was a brief by *Shea & Hoyt,* attorneys, and *Ralph M. Hoyt* of counsel, all of Milwaukee, and oral argument by *Mr. Hoyt.*

WICKHEM, J. The sole question upon this appeal is whether the second amended complaint and the proposed amended complaint of plaintiff state facts sufficient to constitute causes of action based upon the reasonable use value of the two machines used by defendant Kehrein Brothers, Inc., in the construction of the water and sewer mains for the city of Seymour. Plaintiff relies upon sec. 289.16, Stats. 1933, which provides in substance that all contracts involving $100 or more for the performance of work or labor in or about any public building, public improvement, public road, alley, or highway, etc., or of any county, city, village, town, school district, etc., shall contain a provision—

"for the payment by the contractor of all claims for such work and labor performed and materials furnished, to be used or consumed in making such public improvement or performing such public work, including without limitation because of specific enumeration fuel, lumber, building materials, machinery, vehicles, tractors, equipment, fixtures, apparatus, tools, appliances, supplies, electric energy, gasoline and other motor oil, lubricating oil, and greases, and including the premiums for workmen's compensation insurance, and *no such contract shall hereafter be made or let unless the contractor shall give a good and sufficient bond, the penalty of which shall not be less than the contract price, conditioned for the faithful performance of the contract, and the payment to each and every person or party entitled thereto of all the claims for work or labor performed, and materials furnished for or in or about or under such contract, to be used or consumed in making such public improvement or performing such public work, including without limitation because of specific enumeration fuel, lumber, building materials, machinery, vehicles, tractors, equipment, fixtures, apparatus, tools, appliances,* supplies, electric

energy, gasoline and other motor oil, lubricating oil, and greases, and including all premiums for workmen's compensation insurance. . . ."

Plaintiff's contention is that it furnished machinery used in making the public improvement in question, and that it is entitled to sue upon the bond according to the terms of the statute. It is conceded that the terms of the statute are imported into the bond and the case resolves itself into a question of statutory construction and comparison of the statutory provisions with the allegations of the complaint to determine whether plaintiff's situation falls within the terms of the statute.

Prior to 1933, sec. 289.16, Stats., contained no provisions for payment by the contractor of machinery, vehicles, etc. Accordingly, in several cases this court denied recovery for various charges then omitted from the statute. In *Wisconsin Brick Co. v. National Surety Co.* 164 Wis. 585, 160 N. W. 1044, recovery was denied for freight charges and materials. In the cases of *Southern Surety Co. v. Metropolitan S. Comm.* 187 Wis. 206, 201 N. W. 980, 204 N. W. 476, and *Muller v. S. J. Groves & Sons Co.* 203 Wis. 203, 233 N. W. 88, the court denied the right to recover rental value of machinery. In *Employers Mut. L. Ins. Co. v. Ferd. H. Grahl C. Co.* 203 Wis. 315, 234 N. W. 326, recovery was denied for unpaid premiums of compensation insurance. Thereafter followed the legislative expansion of sec. 289.16.

It is clear to us that the trial court properly sustained the demurrer. The surety under the terms of the statute is required to guarantee payment for materials furnished in or about or under such contract, including machinery and equipment. The form of the statute specifies machinery and equipment as comprehended in the term "materials," but it is perfectly clear that the machinery and equipment must be furnished for or in or about or under the public contract.

The machinery here involved was sold to Kehrein Brothers, Inc., more than four years before the Seymour contract was entered into, and more than three years before the statute was so amended as to cover machinery and equipment, and it cannot be said that these machines were furnished for the Seymour job. They were merely sold to the contractor as part of the latter's regular equipment and were in the possession of the contractor, and not in the hands of the vendor, at the time of the Seymour contract. The only ground upon which the plaintiff may claim to have furnished the machinery for the Seymour contract is that, having threatened to regain possession under its conditional sales contract, plaintiff, in reliance upon the bond, refrained from exercising this power. It appears from the complaint, however, that while the purchaser was in default for some three years prior to the contract in question, it had paid more than fifty per cent of the purchase price of each machine. Under sec. 122.19, Stats., the sole remedy of the seller was to retake the machines and sell them at public auction after giving the buyer ten days' notice of the sale. It cannot be said that by postponing that remedy the seller was furnishing the machines to a buyer who had possessed them for four years and was still in possession of them.

Plaintiff relies upon *Hunter Machinery Co. v. Southern Surety Co.* 193 Wis. 218, 214 N. W. 613. There it was held that the surety of a contractor was liable for the depreciated value of machinery sold to the latter under a conditional sales contract for use upon the project for which the surety bond was given. The bond was conditioned (under an Illinois statute) upon payment by the contractor of all sums of money due for labor, materials, apparatus, fixtures, or machinery furnished to such contractor for the purpose of such construction or improvement. The distinguishing feature of the *Hunter Case* is that there the machinery was purchased specifically for use on the very project for which

the bond had been given, and the vendors, relying on the bond, had sold the machinery upon credit for such use. Here the machinery was not furnished by plaintiff for the work for which the bond was given.

What has heretofore been said applies with equal force to the complaint to which the trial court sustained a general demurrer and to the proposed amended complaint. It follows that judgment dismissing plaintiff's action was properly entered.

*By the Court.*—Judgment affirmed.